**UNITED STATES, Appellee,**

v.

**Specialist Four Ronald A. GRAY, 261–69–7258, United States Army, Appellant.**

**ACMR 8800807.**

U.S. Army Court of Military Review.

9 June 1993.

For Appellant: Colonel Robert B. Kirby, JAGC, Lieutenant Colonel Russell S. Estey, JAGC, Major Michael J. Kelleher, JAGC, Major James M. Heaton, JAGC, Captain Michael J. Berrigan, JAGC, Captain Jon W. Stentz, JAGC, Captain Keith W. Sickendick, JAGC, Captain Cynthia Wright, JAGC, Captain Jeffrey J. Fleming, JAGC, Captain Michael E. Smith, JAGC, Captain Christopher W. Royer, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Major Joseph C. Swetnam, JAGC, Major Timothy W. Lucas, JAGC, Captain Jonathan F. Potter, JAGC, Captain Randy V. Cargill, JAGC, Captain Donald W. Hitzeman, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT ON SUPPLEMENTAL ASSIGNMENTS OF ERROR

NAUGHTON, Senior Judge:

The court denied a petition for a new trial and affirmed the findings and sentence in this death-penalty case on 15 December 1992.[1] *United States v. Gray*, 37 M.J. 730 (A.C.M.R.1992). That same date, the appellant filed a motion for reconsideration of our decision denying the appellant's motion to abate the proceedings to ensure that the appellant, as a result of an apparent drug overdose, had suffered no permanent brain damage which would prevent his full participation in assisting with his appeal. That motion was denied on 30 December 1992. On 30 December 1992, the appellant filed a motion for funding an expert investigator and behavioral neurologist. On 4 January 1993, the appellant petitioned for reconsideration of our 15 December 1992 decision. On 14 January 1993, the appellant filed a motion for reconsideration and suggestion for *en banc* reconsideration of the motion to abate the proceedings.[2] Pursuant to a request for oral argument, argument on the motion for funding was held on 21 January 1993. These motions and the petition for reconsideration were denied by the court on 22 January 1993. On 11 February 1993, the appellant

---

1. The procedural history of the appellant's case prior to 15 December 1992 is contained in *United States v. Gray*, 37 M.J. 730 (A.C.M.R.1992).

2. *En banc* "proceedings" do not contemplate the reconsideration of interlocutory matters such as motions to abate. *See* Internal Rules, United States Army Court of Military Review, Rule 17.1(a).

filed a motion and suggestion for *en banc* reconsideration of the denial of the motion for funding an expert investigator and behavioral neurologist and a motion and suggestion for *en banc* reconsideration of our 15 December 1992 decision. These motions were denied by the court on 11 March 1993. On that same day, this court granted the defense's motion for leave to file supplemental assignment of errors. The appellant filed a brief containing supplemental assignments of error XXVIII thru LVI. It is these supplemental assignments of error that we will now address.[3]

### XXVIII

APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. *See generally* U.S. Const. Art. II, section 2, cl. 2; *Freytag v. Commissioner of Internal Revenue,* —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). *But see United States v. Weiss,* 36 M.J. 224 (C.M.A.1992). BECAUSE THIS ERROR IS JURISDICTIONAL, AND THE RECORD CONTAINS NO EVIDENCE OF A KNOWING WAIVER, THE ISSUE IS NOT WAIVED BY A FAILURE TO RAISE IT AT TRIAL. *But see United States v. Claxton,* 34 M.J. 1112 (C.G.C.M.R.1992); *United States v. Prive,* 35 M.J. 569 (C.G.C.M.R. 1992).

The appellant's assertion is rejected in light of *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

### XXIX

UNIFORM CODE OF MILITARY JUSTICE art. 18, 10 U.S.C. § 818 (1992) [hereinafter UCMJ] AND MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1984, RULE FOR COURTS–MARTIAL 201(f)(1)(C) [hereinafter R.C.M.], WHICH REQUIRE TRIAL BY MEMBERS IN A CAPITAL CASE, VIOLATES THE FIFTH AND EIGHTH AMENDMENT GUARANTEE OF DUE PROCESS AND A RELIABLE VERDICT.

■ We disagree. Jury trials are deeply rooted in jurisprudential tradition as a means of fostering due process and preventing cruel and unusual punishment. *See United States v. Matthews,* 16 M.J. 354, 363 (C.M.A.1983).

### XXX

APPELLANT WAS DENIED HIS FIFTH AMENDMENT RIGHT TO A GRAND JURY PRESENTMENT OR INDICTMENT.

■ The Fifth Amendment provides in pertinent part:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a present merit or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in *the Militia, when in actual service in time of War or public danger; ...*" (Emphasis added).

U.S. Const. amend. V.

The appellant's assertion must be rejected in light of *Johnson v. Sayre,* 158 U.S. 109, 15 S.Ct. 773, 39 L.Ed. 914 (1895). The language "when in actual service in time of War or public danger," does not modify the words "land and naval forces" but only modifies the words "the Militia." *Thompson v. Willingham,* 318 F.2d 657 (3d Cir. 1963). *See generally Solorio v. United States v. Graf,* 35 M.J. 450 (C.M.A.1992); *United States v. Curtis,* 32 M.J. 252 and 33 M.J. 101 (C.M.A.1991); *United States v. Matthews,* 16 M.J. 354 (C.M.A.1983). Other issues raised were addressed in Senior Judge Foreman's opinion in this case, which we adopt as dispositive of these issues. [*United States v.*] *Murphy,* 30 M.J. 1040 [ (A.C.M.R.1990) ].

---

**3.** We note as did Senior Judge De Giulio in *United States v. Murphy,* 36 M.J. 1137 (A.C.M.R. 1993), that many of the—

appellant's constitutional and procedural challenges to the military justice system and capital punishment have been resolved adversely to him by prior decisions of the United States Court of Military Appeals. *See United States v. Weiss,* 36 M.J. 224 (C.M.A.1992); *United*

*States,* 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987).

## XXXI

### COURT–MARTIAL PROCEDURES DENIED APPELLANT HIS ARTICLE III RIGHT TO A JURY TRIAL.

██ This supplemental assignment of error is without merit. A court-martial has never been subject to the jury-trial demands of Article III of the Constitution. *Ex Parte Quirin,* 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3 (1942); *Ex parte Milligan,* 71 U.S. (4 Wall) 2, 18 L.Ed. 281 (1866); *United States v. McClain,* 22 M.J. 124 (C.M.A. 1986).

## XXXII

### THE FIFTH, SIXTH, AND EIGHTH AMENDMENTS DO NOT PERMIT, IN PEACETIME, A CONVENING AUTHORITY TO HAND–PICK MILITARY SUBORDINATES, WHOSE CAREERS HE CAN DIRECTLY AND IMMEDIATELY AFFECT AND CONTROL, AS MEMBERS TO DECIDE A CAPITAL CASE FOR OFFENSES THAT OCCUR ON A MILITARY BASE BUT WHERE THERE IS CONCURRENT JURISDICTION WITH A STATE AUTHORITY.

This supplemental assignment of error is also without merit. *See* UCMJ art. 25, 10 U.S.C. § 825.

## XXXIII

### COURT–MARTIAL PROCEDURES DENIED APPELLANT HIS SIXTH AMENDMENT RIGHT TO JURY TRIAL AND AN IMPARTIAL CROSS–SECTION OF THE COMMUNITY.

The appellant's assertion is without merit. The appellant does not have a right to a jury trial or to a representative cross-section of the community on a jury panel. *United States v. Santiago–Davila,* 26 M.J. 380 (C.M.A.1988). *See* UCMJ art. 25.

## XXXIV

### THE PEREMPTORY CHALLENGE PROCEDURE IN THE MILITARY JUS-

TICE SYSTEM CONSTITUTES AN UNCONSTITUTIONAL VIOLATION OF THE FIFTH AND EIGHTH AMENDMENTS IN CAPITAL CASES WHERE THE PROSECUTOR IS FREE TO REMOVE A MEMBER WHOSE MORAL BIAS AGAINST THE DEATH PENALTY DOES NOT JUSTIFY A CHALLENGE FOR CAUSE.

We have already addressed and rejected this issue in this case. *United States v. Gray,* 37 M.J. 730, 737–38 (A.C.M.R.1992); *See also United States v. Loving,* 34 M.J. 956, 967–68 (A.C.M.R.1992).

## XXXV

### THE DESIGNATION OF THE SENIOR MEMBER AS THE PRESIDING OFFICER FOR DELIBERATIONS DENIED THE APPELLANT DUE PROCESS OF LAW AND A FAIR AND IMPARTIAL MEMBERS' CONSIDERATION OF THE EVIDENCE, BY ESTABLISHING THE SENIOR MEMBER'S SUPERIORITY IN AND CONTROL OF THE DELIBERATION PROCESS.

██ The appellant provides no basis for his assertion; therefore, it is rejected. We note that the military judge instructed all members that "[e]ach of you has an equal voice and vote with the other members in discussing and deciding all issues submitted to you. The senior member's vote counts as one, just as does the junior member's." Additionally, the military judge instructed the court members that "[t]he influence of superiority in rank will not be employed in any manner to attempt to control the independence of the members in the exercise of their own personal judgment." In the absence of evidence to the contrary, the members are presumed to have followed the military judge's instructions. *United States v. Holt,* 33 M.J. 400, 408 (C.M.A.1991).

## XXXVI

### THE MILITARY JUDGE COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE MEMBERS ON SENTENCING AS TO THE TERM "SUB-

STANTIALLY OUTWEIGHED" WITH REGARD TO THE RELATIONSHIP OF MITIGATING CIRCUMSTANCES TO AGGRAVATING FACTORS.

■ We find that this issue has no merit. The Supreme Court has made it clear that it is not constitutionally required to have a specific standard for balancing aggravating and mitigating factors. *Zant v. Stephens,* 462 U.S. 862, 875 n. 13, 103 S.Ct. 2733, 2742 n. 13, 77 L.Ed.2d 235 (1983) (citing *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976)). In *Jurek,* the Supreme Court held that the four categories of murders Texas uses for the imposition of the death penalty serves the same safeguard purpose as the list of aggravating factors used by other jurisdictions to balance against mitigating factors prior to the imposition of the death penalty.

## XXXVII

THE FINDINGS MUST STATE EXPLICITLY THAT ALL MEMBERS CONCUR THAT ANY EXTENUATING OR MITIGATING CIRCUMSTANCES ARE SUBSTANTIALLY OUTWEIGHED BY THE AGGRAVATING FACTORS FOUND BY THE MEMBERS.

■ There is nothing in the record that suggests that the members did not unanimously determine that the aggravating factors substantially outweighed the mitigating factors. On the contrary, the findings worksheet specifically states that "[t]he court-martial *unanimously* finds any and all extenuating and mitigating factors are substantially outweighed by the aggravating factors...." (Emphasis added). What the appellant is asking this court to do is to require the polling of the court members. Although Judge Cox expressed the belief that "fundamental notions of fairness require that each member of the court-martial sign his or her name to the death-sentence worksheet or that the condemned accused have the right to poll the members" despite the polling prohibition in R.C.M. 922(e), *United States v. Curtis,* 33 M.J. 101, 110 (C.M.A.1991) (Cox, J., concurring), neither the Code nor the Manual for Courts–Martial expressly authorizes such

procedures. *United States v. Hendon,* 6 M.J. 171, 173–74 (C.M.A.1979). We find the appellant's assertion to be without merit.

## XXXVIII

THE MILITARY JUDGE'S INSTRUCTION THAT "YOU MAY NOT ADJUDGE A SENTENCE OF DEATH UNLESS YOU FIND THAT ANY AND ALL EXTENUATING OR MITIGATING CIRCUMSTANCES ARE SUBSTANTIALLY OUTWEIGHED BY ANY AGGRAVATING FACTORS ..." DID NOT SUFFICIENTLY INFORM THE MEMBERS THAT THIS FINDING MUST BE UNANIMOUS.

■ The military judge gave the members the following instruction:

If you fail to find unanimously that at least one of the aggravating factors existed, then you may not adjudge a sentence of death. If, however, you determine that at least one of the aggravating factors existed, then you may consider, along with all other appropriate sentence possibilities, whether a sentence of death should be adjudged. In this regard, *you may not adjudge a sentence of death unless you find, by unanimous vote— again, by all members—that any and all extenuating and mitigating factors are substantially outweighed by any aggravating factors,* including the factors which you've previously found existed in the first step of this procedure.

(Emphasis added).

We find the military judge's instructions to be sufficient and, therefore, the appellant's assertion is without merit.

## XXXIX

MILITARY DUE PROCESS AND UCMJ ARTICLES 66 AND 67 REQUIRE THE COURT OF MILITARY APPEALS AND THE COURTS OF MILITARY REVIEW TO REVIEW ALL CAPITAL CASES *IN FAVOREM VITAE* SINCE CAPITAL LITIGATION IS IN ITS INFANCY IN THE MILITARY JUSTICE SYSTEM AND TRIAL AND APPELLATE DE-

FENSE COUNSEL LACK THE TRAINING AND EXPERIENCE NECESSARY TO PRESERVE THE RECORD ON ALL ISSUES AND PREVENT APPLICATION OF WAIVER.

This court has reviewed the entire record of trial for errors, whether they be specifically assigned by the appellate defense counsel or not, in accordance with Article 66, UCMJ, 10 U.S.C. § 866. Moreover, although we may apply waiver under certain circumstances, we are not required to do so. *See United States v. Claxton,* 32 M.J. 159 (C.M.A.1991); *United States v. Cole,* 31 M.J. 270 (C.M.A.1990). We also, once again, specifically reject the assertion that trial and appellate defense counsel lack the training and experience to participate in capital litigation. *See United States v. Gray,* 37 M.J. 730, at 734–35, n. 3 and 4 (A.C.M.R.1992).

## XL

THE DEATH PENALTY SENTENCING STANDARD REQUIRING AGGRAVATING FACTORS TO "SUBSTANTIALLY OUTWEIGH" EXTENUATING AND MITIGATION CIRCUMSTANCES IS IN VIOLATION OF THE FIFTH AND EIGHTH AMENDMENTS IN THAT THE ONLY ACCEPTABLE STANDARD MUST BE "BEYOND A REASONABLE DOUBT." *SEE ALSO* UCMJ ART. 59(a), 10 U.S.C. § 859(a).

Based on our discussion for assignment of error XXXVII, we find that this assignment of error is also without merit.

## XLI

THE MILITARY JUDGE ERRED IN VIOLATION OF THE FIFTH AND EIGHTH AMENDMENTS IN FAILING TO EXPLICITLY INSTRUCT THAT EVEN IF THE MEMBERS UNANIMOUSLY FOUND ONE OR MORE AGGRAVATING FACTORS AND EVEN IF THE MEMBERS UNANIMOUSLY DETERMINE THAT THE EXTENUATING OR MITIGATING CIRCUMSTANCES ARE SUBSTANTIALLY OUTWEIGHED BY THE AGGRAVATING FACTORS, EACH MEMBER STILL HAD THE ABSOLUTE DISCRETION TO DECLINE TO IMPOSE THE DEATH SENTENCE.

■ This issue is without merit. The military judge made it abundantly clear to the members that they had the absolute right not to impose the death penalty when he gave them the following instruction:

And, again, as the worksheet points out, those mitigating and extenuating factors must be substantially outweighed by the aggravating factors that you found ... Assuming you got to that point and you unanimously found ... that the aggravating factors substantially outweighed all extenuating and mitigating factors, then you can proceed to vote on the remaining elements of the sentence. You don't have to, indeed, even if you were to do that, you may—you may not have to— you may not be of the mind to impose the death penalty. Assuming you reach those two stages, then your decision is: Shall we impose a sentence of death or life as to those two elements? There's— the fact that you found unanimously as to both those factors does not dictate death be imposed. It's your decision, but you can only impose a death sentence if you reach those two—go through those two stages unanimously.

## XLII

THE MILITARY JUDGE ERRED IN VIOLATION OF THE FIFTH AND EIGHTH AMENDMENTS AND UCMJ ARTICLE 55 IN HIS FAILURE TO INSTRUCT THE PANEL MEMBERS THAT THE ONLY OFFENSES FOR WHICH APPELLANT COULD BE SENTENCED TO DIE WERE FELONY MURDER AND PREMEDITATED MURDER AND THAT APPELLANT COULD NOT BE SENTENCED TO DIE ON THE BASIS OF THE AGGREGATE OR CUMULATIVE EFFECT OF ALL THE OFFENSES.

■ The military judge properly instructed the court members in accordance with R.C.M. 1004(b)(6) and 1005(e)(1). Military law requires that the court members

be instructed on a single maximum sentence for all of the offenses properly before the court-martial. Since the maximum sentence of death may be imposed when proper procedures are followed for the offenses of premeditated murder and felony-murder, the military judge was correct in his sentencing instructions to the jury. Accordingly, we find this assignment of error to be without merit. The appellant is asking this court to speculate as to whether the jury imposed the death sentence because of the murders he committed or because of all of the offenses he committed. The Supreme Court has refused to second guess the jury in death-penalty cases based on theoretical uncertainty. *See Drake v. Zant,* 449 U.S. 999, 101 S.Ct. 541, 66 L.Ed.2d 297 (1980); *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). *See generally United States v. Curtis,* 32 M.J. 252 (A.C.M.R.1991).

## XLIII

THE ROLE OF THE CONVENING AUTHORITY IN THE MILITARY JUSTICE SYSTEM DENIED APPELLANT A FAIR AND IMPARTIAL TRIAL BY ALLOWING THE CONVENING AUTHORITY TO ACT AS A GRAND JURY IN REFERRING CRIMINAL CASES (CAPITAL CASES) TO TRIAL, PERSONALLY APPOINTING JURORS OF HIS CHOICE, HOLDING THE ULTIMATE LAW ENFORCEMENT FUNCTION WITHIN HIS COMMAND, RATING THE STAFF JUDGE ADVOCATE WHO IS THE FUNCTIONAL EQUIVALENT TO THE CHIEF PROSECUTOR, AND ACTING AS THE FIRST LEVEL OF APPEAL, THUS CREATING AN APPEARANCE OF IMPROPRIETY IN A PERCEPTION THAT HE ACTS AS PROSECUTOR, JUDGE, AND JURY.

The appellant's assertion is without merit. The appellant failed to raise this issue at trial. Additionally, he has failed to demonstrate that he suffered prejudice due to the convening authority's role in his case. *United States v. Allen,* 31 M.J. 572, 584 (N.M.C.M.R.1990), *aff'd,* 33 M.J. 209 (C.M.A.1991), *cert. denied,* — U.S. —,

112 S.Ct. 1473, 117 L.Ed.2d 617 (1992). *See generally,* UCMJ art. 22 and *Curtis,* 32 M.J. 252.

## XLIV

APPELLANT HAS BEEN DENIED EQUAL PROTECTION UNDER THE LAW IN VIOLATION OF THE FIFTH AMENDMENT IN THAT ALL OTHER CIVILIANS IN THE UNITED STATES ARE AFFORDED THE OPPORTUNITY TO HAVE THEIR CASES REVIEWED BY AN ARTICLE III COURT, BUT MEMBERS OF THE UNITED STATES ARMY BY VIRTUE OF THEIR STATUS AS SERVICEMEMBERS ARE NOT.

This issue is without merit. *See Matthews,* 16 M.J. at 364–368.

## XLV

THIS COURT DOES NOT HAVE THE JURISDICTION, NOR THE AUTHORITY TO REVIEW THE CONSTITUTIONALITY OF THE RULES FOR COURTS-MARTIAL AND THE UNIFORM CODE OF MILITARY JUSTICE BECAUSE THIS COURT IS AN ARTICLE I COURT, NOT AN ARTICLE III COURT WHICH HAS THE POWER TO CHECK CONGRESS AND THE EXECUTIVE UNDER *MARBURY V. MADISON,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

This issue is without merit. *See Matthews,* 16 M.J. at 364–368.

## XLVI

APPELLANT WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND EIGHTH AMENDMENTS BECAUSE HE WAS TRIED IN A PEACETIME CAPITAL CASE BY A COURT–MARTIAL PANEL (I.E. JURY) COMPOSED OF LESS THAN TWELVE MEMBERS.

This assignment of error was previously addressed in this case. *United States v. Gray,* 37 M.J. 730, at 733–34 and n. 2 (A.C.M.R.1992). Furthermore, this assertion is again rejected in accordance with *Curtis,* 32 M.J. 252.

## XLVII

APPELLANT WAS DENIED HIS RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS BECAUSE THE PANEL MEMBER SELECTION POOL IN APPELLANT'S CASE DID NOT INCLUDE ANY FEMALES.

■ The appellant did not raise this issue at trial. Additionally, a court-martial panel need not necessarily be representative cross-section of the population so, therefore, it need not include female members on the jury. *See United States v. Smith*, 27 M.J. 242, 248 (C.M.A.1988); *Santiago–Davila*, 26 M.J. at 389. *See generally*, UCMJ art. 25.

## XLVIII

THERE IS NO MEANINGFUL DISTINCTION BETWEEN PREMEDITATED AND UNPREMEDITATED MURDER ALLOWING DIFFERENTIAL TREATMENT AND SENTENCING DISPARITY IN VIOLATION OF THE FIFTH AND EIGHTH AMENDMENTS AND UCMJ ARTICLE 55.

■ The distinction between premeditated and unpremeditated murder is that in order to prove the former the government must prove that, at the time of the murder, the accused had a premeditated design to kill whereas to prove the latter the government need only prove that, at the time of the murder, the accused had the intent to kill or inflict great bodily harm. Manual for Courts–Martial, United States, 1984, Part IV, paras. 43b(1)(d) and 43b(2)(d). The difference is that one requires the intent to kill and consideration of the act intended while the other requires only the intent to kill or inflict great bodily harm but without the prior consideration of the act intended. "[P]remeditation only requires a cool mind to reflect on [the] intent to kill before committing the lethal act." *United States v. Viola*, 26 M.J. 822, 830 (A.C.M.R.1988). "The military case law as to what constitutes 'premeditation,' and what that term means, is so well-established that it prevents discriminatory enforcement by the government, the trial court, and the factfinders." *United States v. Mansfield*, 33

M.J. 972, 989 (A.F.C.M.R.1991). Accordingly, we find this assignment of error to be without merit. *See United States v. Teeter*, 16 M.J. 68 (C.M.A.1983).

## XLIX

THE MILITARY JUDGE'S INSTRUCTIONS BLURRED ANY DISTINCTION BETWEEN THE OFFENSES OF PREMEDITATED AND UNPREMEDITATED MURDER AND DELETED THE REQUIRED ELEMENT OF "PREMEDITATION" FROM THE OFFENSE OF PREMEDITATED MURDER IN VIOLATION OF THE FIFTH, SIXTH, AND EIGHTH AMENDMENTS AND UCMJ ARTICLE 55.

■ The military judge properly instructed the court members on the elements and definitions of premeditated and unpremeditated murder. To emphasize the distinction between the two the military judge further instructed the court members as follows:

You'll notice that the principal difference between this offense—that is, premeditated murder and unpremeditated murder is that there would—the accused must have had the premeditated design to kill, that is, had considered the act prior to the application of the force and must have had the specific intent to kill, whereas unpremeditated murder requires the specific intent to kill or inflict great bodily harm without premeditation.

We find no error in the military judge's instructions; accordingly, the assignment of error is without merit.

## L

APPELLANT'S DEATH SENTENCE VIOLATES THE EIGHTH AMENDMENT'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

■ The death penalty does not violate the Eighth Amendment but the Eighth Amendment's prohibition against cruel and unusual punishment does prohibit the "arbitrary and capricious" imposition of the death penalty. In order to achieve this, the

Supreme Court created the system by which the findings of aggravating factors are required prior to deliberations on sentencing. *See Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); and, *United States v. Murphy,* 30 M.J. 1040 (A.C.M.R.1990). The case at bar has gone through the required two-step process set out in *Gregg,* therefore the appellant's assertion is without merit.

## LI

RULE FOR COURTS–MARTIAL 1004 FAILS TO INCORPORATE CONGRESSIONALLY MANDATED PROTECTIONS TO PREVENT RACIALLY MOTIVATED IMPOSITION OF THE DEATH PENALTY IN VIOLATION OF UCMJ ARTICLE 55 AND THE EIGHTH AMENDMENT TO THE CONSTITUTION.

This assignment of error is without merit. There is no evidence the sentence to death in appellant's case was racially motivated. Further, the provisions cited by the appellant, although they may be desirable, have not been imposed on courts-martial and are not constitutionally mandated. *Curtis,* 32 M.J. at 268; and, *Murphy,* 30 M.J. at 1056.

## LII

THE IMPOSITION OF THE DEATH PENALTY IN THIS CASE VIOLATED APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER THE FIFTH AMENDMENT BECAUSE RULE FOR COURTS–MARTIAL 1004 SUBJECTED APPELLANT, AS A MEMBER OF THE ARMED FORCES, TO A PENALTY WHICH IS NOT OTHERWISE AVAILABLE UNDER THE CRIMINAL CODE OF THE UNITED STATES FOR IDENTICAL CRIMINAL CONDUCT.

 The appellant has not been deprived of equal protection by virtue of his status as a member of the armed forces. *Murphy,* 30 M.J. at 1055. *See Curtis,* 32 M.J. at 261.

## LIII

THE AGGRAVATING FACTORS ENUMERATED IN RULE FOR COURTS–MARTIAL 1004(C)(7)(I) FAIL TO SUFFICIENTLY CLARIFY THE FACTORS INVOLVED OR NARROW THE CLASS OF PERSONS ELIGIBLE FOR THE DEATH PENALTY AND THE RULE IS THEREFORE INVALID UNDER THE FIFTH AND EIGHTH AMENDMENTS.

 Rule for Courts–Martial 1004 has sufficiently clarified the aggravating factors that are required prior to the imposition of a death sentence. Rule for Courts–Martial 1004 is more specific in prescribing aggravating factors than most state statutes. This issue is without merit. *See Curtis,* 32 M.J. at 255–267.

## LIV

DUE PROCESS REQUIRES THAT TRIAL AND INTERMEDIATE APPELLATE JUDGES IN A PEACETIME MILITARY DEATH PENALTY CASE HAVE THE PROTECTION OF A FIXED TERM OF OFFICE. *But see United States v. Graf,* 35 M.J. 450 (C.M.A.1992).

In light of *United States v. Graf,* 35 M.J. 450 (C.M.A.1992), *petition for cert. filed,* 61 U.S.L.W. 3500 (U.S. Dec. 29, 1992) (No. 92–1102), we find this issue to be without merit.

## LV

THE SYSTEM OF APPOINTING CAPITAL COUNSEL IN THE UNITED STATES ARMY PREJUDICED APPELLANT BECAUSE HE IS NOT GUARANTEED EITHER CONTINUITY OF COUNSEL OR COMPETENT COUNSEL UNDER ANY OF THE QUALIFICATIONS FOR CAPITAL ATTORNEYS IN FORCE IN ANY JURISDICTION IN AMERICA.

 This issue is without merit. The appellant is asking this court to declare that all appellate defense counsel are per se incompetent to handle capital cases by virtue of their status as members of the United States Army. We refuse to do that.

For assistance of counsel to be ineffective, there must be: (1) a showing that the performance was deficient, and (2) that but for the deficiency the result would have been different. Any question as to counsel's competence must undergo this two-step analysis. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See generally United States v. Loving*, 34 M.J. 1065 (A.C.M.R.1992). No such showing has been made out in this case that the performance of the appellant's trial or appellate defense counsel has been deficient. *See United States v. Gray*, 37 M.J. 730 at 734–35, n. 3 and 4 (A.C.M.R. 1992).

## LVI

THE SYSTEM WHEREBY THE JUDGE ADVOCATE GENERAL OF THE ARMY APPOINTS TRIAL AND APPELLATE JUDGES TO SERVE AT HIS PLEASURE IS UNCONSTITUTIONAL AS IT VIOLATES THE APPOINTMENTS CLAUSE OF THE CONSTITUTION.

This issue has no merit. *See Weiss*, 36 M.J. 224.

After careful review of the appellant's supplemental assignments of error, the findings of guilty and the sentence are, again, affirmed.

Judge GRAVELLE and Judge JOHNSTON concur.