# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, COOK, and BURTON
Appellate Military Judges

**Private E1 RONALD GRAY**
**United States Army, Petitioner**
**v.**
**Colonel ERIC BELCHER,**
**Commandant, United States Disciplinary Barracks**
**and**
**THE UNITED STATES, Respondents**

ARMY MISC 20110093[1]

For Petitioner: Colonel Mark Tellitocci, JA; Captain Stephen J. Rueter, JA; Timothy P. Kane, Esq.; Shawn Nolan, Esq.; Billy H. Nolas, Esq. (on brief).

For Respondents: Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Adam S. Kazin, JA (on brief).

26 January 2012

-----------------------------------------------------------------
OPINION OF THE COURT AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF
IN THE NATURE OF A WRIT OF CORAM NOBIS
-----------------------------------------------------------------

JOHNSON, Senior Judge:

This is a petition for extraordinary relief in the nature of a writ of *coram nobis* based on several alleged errors discovered after petitioner's court-martial and appellate proceedings. We hold that petitioner cannot meet the threshold criteria for *coram nobis* review. Petitioner has other remedies available to him as a matter of law, but not within the military justice system.

I

In 1988, petitioner was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, petitioner was convicted of the premeditated murder of Ms. KAR and Private LLV, as well as the attempted murder of Private MALN, in violation of Articles 118, and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 918, and 880 (1982) [hereinafter UCMJ, 1982]. Petitioner was also convicted of rape (3 specifications), robbery (2 specifications), and sodomy

---

[1] The docket number for petitioner's direct appeal is ACMR 8800807.

(2 specifications) with respect to the above victims, as well as burglary and larceny of another person, in violation of Articles 120, 122, 125, 129, and 121, UCMJ, 1982, respectively. The convening authority approved his sentence to death, a dishonorable discharge, total forfeitures and reduction to E1.

The petitioner's conviction and sentence were affirmed by both the Army Court of Military Review, which is this court's predecessor, and the United States Court of Appeals for the Armed Forces. *United States v. Gray*, 37 M.J. 730 (A.C.M.R. 1992); *United States v. Gray*, 51 M.J. 1 (C.A.A.F. 1999), *aff'g* 37 M.J. 751 (A.C.M.R. 1993), *cert. denied*, 532 U.S. 919 (2001). On 28 July 2008, the President of the United States approved petitioner's sentence to death and ordered it executed. The Secretary of the Army scheduled petitioner's execution for 10 December 2008; however, before it could be carried out, the United States District Court for the District of Kansas granted a stay of execution in anticipation of petitioner filing a petition for extraordinary relief in the nature of a writ of habeas corpus. Thereafter, petitioner filed a writ of habeas corpus, which is still pending before that court.

On 11 February 2011, petitioner filed with this court the instant petition for extraordinary relief in the nature of a writ of *coram nobis*. We then ordered the government to show cause why the writ should not issue, and it filed an answer brief on 14 March 2011. Petitioner filed a reply brief on 13 June 2011. Petitioner is currently in confinement at the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

II

In this case, there is a final judgment as to the legality of the proceedings under Article 71(c)(1), UCMJ, and the case is final under Article 76, UCMJ. *See Loving v. United States (Loving I)*, 62 M.J. 235, 244 (C.A.A.F. 2005). Therefore, this court is without jurisdiction to entertain collateral review under a writ of habeas corpus. *Loving v. United States (Loving II)*, 64 M.J. 132, 135 (C.A.A.F. 2006) (quoting *Loving I*, 62 M.J. at 236).[2] *See* H.R. Rep. No. 81-491, at 35 (1949) ("Subject only to a petition for a writ of habeas corpus in Federal court, [Article 76] provides for the finality of court-martial proceedings and judgments"). Although a case is final pursuant to Article 76, UCMJ, a service court may nonetheless entertain a writ of *coram nobis* "in aid of" its jurisdiction. *Denedo II*, 556 U.S. at ___, 129 S. Ct. at 2223–24; *Denedo I*, 66 M.J. at 120–21, 125; 28 U.S.C. § 1651(a) (2010).

---

[2] Although the reasoning in *Denedo v. United States (Denedo I)*, 66 M.J. 114 (C.A.A.F. 2008), and *United States v. Denedo (Denedo II)*, 556 U.S. 904, 129 S. Ct. 2213 (2009), could be construed to reach all forms of collateral review, their mutual holding is much more limited. Those cases extended collateral review beyond Article 76 only for writs of *coram nobis*.

In the military justice system, a petitioner must satisfy several, stringent threshold requirements in order to obtain *coram nobis* relief:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than *coram nobis* is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo I*, 66 M.J. at 126 (citing *United States v. Morgan*, 346 U.S. 502, 512–13 (1954), and *Loving I*, 62 M.J. at 252–53). Here, petitioner cannot traverse these threshold requirements because there is, as a matter of law, a remedy other than *coram nobis* available to him.[3] Although in our view petitioner's right to habeas corpus in the military justice system has ended, this is not so for Article III courts. In fact, petitioner has filed a writ of habeas corpus in federal district court and the government does not dispute the jurisdictional basis for doing so. The merits of petitioner's claims are now for the federal district court, rather than this court, to decide.

We are cognizant of the preference for military courts to hear issues potentially of first impression,[4] but we are also mindful of clear constraints imposed on this court by statute and our superior court.

### III

The Petition for Extraordinary Relief in the Nature of a Writ of Error *Coram Nobis* is DENIED.

---

[3] Where a petitioner is in custody, he or she can obtain relief through a writ of habeas corpus and, therefore, cannot establish that no remedy other than *coram nobis* is available. *See Denedo I*, 66 M.J. at 126 (noting that the petitioner in that case did not have habeas corpus available to him because he was not in custody).

[4] *See generally Denedo I*, 66 M.J. at 121–122 (stating that "courts within the military justice system should have an opportunity to consider challenges to court-martial proceedings prior to review by courts outside the military justice system").

Judges COOK and BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court