*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

## UNITED STATES
Appellee

**v.**

## Ronald A. Gray, Private
United States Army, Appellant

### No. 17-0525
Crim. App. No. 20160775

Military Judge: Raymond C. McRorie

Decided November 13, 2017

For Appellant: *Jonathan Jeffress*, Esq., *Timothy Kane*, Esq., and *Shawn Nolan*, Esq.

For Appellee: *Lieutenant Colonel Eric K. Stafford* and *Captain Samuel E. Landes*.

————————

PER CURIAM:*

Appellant seeks extraordinary relief in the form of a writ of error coram nobis. This Court lacks jurisdiction to provide him with his requested relief, and we dismiss the writ-appeal petition with prejudice.

### I. Procedural History

Contrary to his pleas, Appellant was convicted of premeditated murder (two specifications), attempted premeditated murder, rape (three specifications), robbery (two specifications), forcible sodomy (two specifications), burglary, and larceny. In April 1988, a general court-martial sentenced him to death, a dishonorable discharge, forfeiture of all pay and allowance, and reduction to E-1. In July 1988, the convening authority approved the sentence.

The United States Army Court of Military Review (ACMR) denied a petition for a new trial and affirmed the findings and the sentence. *United States v. Gray*, 37 M.J. 730, 749 (A.C.M.R. 1992). After granting a motion to file supplemental assignment of errors, the

————————

* Judge Ohlson is recused and did not participate in this case.

ACMR again affirmed the findings and the sentence. *United States v. Gray*, 37 M.J. 751, 761 (A.C.M.R. 1993).

This Court heard oral argument twice before affirming the lower court's decision. *United States v. Gray*, 51 M.J. 1, 64 (C.A.A.F. 1999). The United States Supreme Court denied a petition for certiorari, without dissent. *Gray v. United States*, 532 U.S. 919 (2001).

Between 2001 and 2008, there was no appellate litigation in this case. In July 2008, under Article 71(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 871(a), the President approved the death sentence. The Secretary of the Army set the execution date for December 10, 2008, but the United States District Court for the District of Kansas stayed that order. *Gray v. Gray*, No. 08-3289-RDR (D. Kan. Nov. 26, 2008) (order). In April 2009, Appellant filed a petition for habeas corpus with that court.

After Appellant filed two petitions for coram nobis with the United States Army Court of Criminal Appeals, which that court and this Court denied, the district court dismissed the habeas petition without prejudice. *Gray v. Belcher*, No. 5:08-cv-03289-JTM, 2016 U.S. Dist. LEXIS 149574 (D. Kan. Oct. 26, 2016) (memorandum and order) (dismissing without prejudice to afford Appellant opportunity to exhaust claims in military courts).

Appellant returned to the Army court in December 2016 and filed a third petition for coram nobis, with an alternative prayer for habeas. The court concluded that it had jurisdiction to review six of the seven claims. The seventh claim alleged constitutional violations, arguing that the President approved the death sentence based on confidential reports from the Judge Advocate General, the Secretary of the Army, and the Secretary of Defense that were not disclosed to Appellant. The Army court dismissed that claim for want of jurisdiction and denied all of the others. *Gray v. United States*, 76 M.J. 579, 594 (A. Ct. Crim. App. 2017) (en banc). Appealing that decision, Appellant comes to this Court for the third time seeking a writ of coram nobis.

## II. Discussion

The threshold question is whether this Court has jurisdiction to entertain a request for coram nobis in a case that is final in all respects under the UCMJ. We hold that we do not.

Direct review of this capital case is done. The Army court has completed its review under Article 66, UCMJ, 10 U.S.C. § 866, and

this Court has completed its review under Article 67, UCMJ, 10 U.S.C. § 867. Under Article 67a, UCMJ, the U.S. Supreme Court has denied certiorari. The President has approved the sentence and an execution date was set. Therefore, there is a final judgment as to the legality of the proceedings under Article 71(c)(1), UCMJ, and the case is final under Article 76, UCMJ, 10 U.S.C. § 876. Appellant has exhausted all of his remedies in the military justice system. In the absence of any statutory authority to provide extraordinary relief for a capital case that is final for all purposes under the UCMJ, we lack jurisdiction to hear Appellant's writ-appeal petition for coram nobis.

Even assuming that this Court has jurisdiction to issue the requested writ, Appellant fails to show that he is entitled to extraordinary relief. He has a remedy other than coram nobis to rectify the consequences of the alleged errors, namely a writ of habeas corpus in the Article III courts: "an extraordinary remedy [such as coram nobis] may not issue when alternative remedies, such as habeas corpus, are available." *United States v. Denedo*, 556 U.S. 904, 911 (2009). Moreover, where Appellant is still in confinement, coram nobis relief is unavailable. *Loving v. United States*, 62 M.J. 235, 254 (C.A.A.F. 2005).

### III. Judgment

Accordingly, in light of the lack of jurisdiction, the writ-appeal is dismissed with prejudice.