# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

**Airman Basic STEVEN M. CHAPMAN**
**United States Air Force,**
**Petitioner**

**v.**

**UNITED STATES,**
**Respondent**

**Misc. Dkt. No. 2014-16**

**__ M.J. __**

**18 February 2016**

Sentence adjudged 15 July 2002 by GCM convened at Cannon Air Force Base, New Mexico. Military Judge: Patrick M. Rosenow.

Approved sentence: Dishonorable discharge, confinement for life with the possibility of parole, forfeiture of all pay and allowances, and reduction to E-1.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

PUBLISHED DECISION

MITCHELL, Senior Judge:

Petitioner filed a petition for a writ of habeas corpus. We conclude we do not have jurisdiction for the writ of habeas corpus and deny the petition. Although we do have jurisdiction for a writ of error coram nobis, we determine Petitioner has not met the threshold requirements and deny the writ.

*Background*

Petitioner was convicted, contrary to his pleas, by a general court-martial composed of officer members, of attempted premeditated murder, rape, sodomy, and

burglary, in violation of Articles 80, 120, 125, and 129, UCMJ, 10 U.S.C. §§ 880, 920, 925, 929. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for life with the possibility of parole, forfeiture of all pay and allowances, and reduction to E-1. On 14 July 2006, we affirmed the findings and sentence. *United States v. Chapman*, ACM 35564 (A.F. Ct. Crim. App. 14 July 2006) (unpub. op). Our superior court affirmed our decision in a summary disposition. *United States v. Chapman*, 65 M.J. 289 (C.A.A.F. 2007) (mem.), *cert. denied*, 552 U.S. 952 (2007). On 28 November 2007, a final court-martial order executed the dishonorable discharge. Consequently, there is a final judgment as to the legality of the proceedings and all portions of the sentence have been ordered executed under Article 71(c)(1), UCMJ, 10 U.S.C. § 871(c)(1), and the case is final under Article 76, UCMJ, 10 U.S.C. § 876.

### *Prior Writ Petitions to This Court*

In 2012, Petitioner filed a writ petition for extraordinary relief seeking the appointment of appellate counsel to represent him in filing a writ of habeas corpus. We do not have the authority under Article 70(c), UCMJ, 10 U.S.C. 870(c), to appoint appellate defense counsel; the authority to appoint appellate defense counsel was vested with The Judge Advocate General. We denied the petition without prejudice to refiling. *United States v. Chapman*, misc. dkt. No. 2012-03 (A.F. Ct. Crim. App. 28 September 2012).

In 2013, Petitioner filed another writ with this court. The writ was in two parts: a writ of mandamus seeking this court to require The Judge Advocate General to appoint appellate defense counsel for the purpose of filing writ petitions and a writ of habeas corpus for failure of the military judge to sua sponte instruct on false confession and ineffective assistance of counsel during trial and appeal. We again denied the petition for the appointment of counsel without prejudice to Petitioner refiling with the assistance of his personally-procured counsel. *United States v. Chapman*, misc. dkt. No. 2013-31 (A.F. Ct. Crim. App. 25 February 2014).

Petitioner has now filed a pro-se writ of habeas corpus for failure of the military judge to sua sponte instruct on false confession and ineffective assistance of counsel.

### *Writ of Habeas Corpus*

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction. *Clinton*, 526 U.S. at 534–35. "The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute."

*United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015).  Therefore, the preliminary question is whether this court has jurisdiction to consider a writ petition from a petitioner whose court-martial conviction is final but is continuing to serve his term of confinement.  We conclude we do not have jurisdiction and deny the writ.

In *Loving*, the petitioner had been sentenced to death but the sentence had not been approved by the President; our superior court determined that the military courts had jurisdiction over habeas corpus petitions when there is a final judgment as to the legality of the proceedings under Article 71(c)(1), UCMJ, but before the case is final under Article 76, UCMJ.  *Loving,* 62 M.J. at 246.  Implicit in this conclusion was that if the proceedings were final under Article 76, UCMJ, the military courts would not have jurisdiction.  In the petition before us, direct review of Petitioner's court-martial was completed when the Supreme Court denied the certiorari petition and was final shortly thereafter when the convening authority ordered the dishonorable discharge executed.  Petitioner's court-martial, therefore, has both a final judgment as to the legality of the proceedings under Article 71, UCMJ, and is final under Article 76, UCMJ.

We agree with our sister service court that military courts do not have jurisdiction over habeas corpus petitions when a court-martial has completed direct review under Article 71, UCMJ, and is final under Article 76, UCMJ.  *Gray v. Belcher*, 70 M.J. 646, 647 (Army Ct. Crim. App. 2012); *see also United States v. Denedo*, 556 U.S.  904, 920 n.1 (2009) (Roberts, C.J., dissenting) (noting that the Supreme Court has never questioned that Article 76, UCMJ, limits the jurisdiction of military courts).[*]

We find additional support for this conclusion in the Supreme Court's rationale when they concluded that military courts have jurisdiction over coram nobis petitions even after the proceedings are final under Article 76, UCMJ.  *Denedo*, 556 U.S. at 916–17.  In doing so, they relied upon a coram nobis petition being an *extension* of the original proceeding.  *Denedo*, at 912–13.  Habeas corpus, conversely, is considered a *separate* civil case and record.  *See United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954).  Consequently, a habeas corpus petition is not an extension of the direct appeal, and the rationale in *Denedo* does not apply to extend jurisdiction beyond the finality of Article 76, UCMJ.

Furthermore, the Supreme Court has stated that the federal district courts have jurisdiction over habeas corpus petitioners who are imprisoned as a result of court-martial convictions.  "The federal civil courts have jurisdiction over such applications.  By statute, Congress has charged them with the exercise of that power." *Burns v. Wilson*, 346 U.S. 137, 139 (1953).

---

[*] The Navy-Marine Corps Court of Criminal Appeals reached a different conclusion in *Fisher v. Commander*, 56 M.J. 691 (N-M. Ct. Crim. App. 2001).  However, that court relied on *Dew v. United States*, 48 M.J. 639 (Army Ct. Crim. App. 1998), which was repudiated in *United States v. Arness*, 74 M.J. 441, 443 (C.A.A.F. 2015).  Because the underlying rationale has been rejected, we conclude *Fisher* is no longer persuasive authority on this issue.

Although framed by the pro-se Petitioner as a writ of habeas corpus, we also address whether we can consider the petition for a writ of error coram nobis. "The label placed on a petition for extraordinary relief is of little significance." *Nkosi v. Lowe,* 38 M.J. 552, 553 (A.F.C.M.R. 1993).

Appellate military courts have jurisdiction over "*coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Denedo*, 556 U.S. at 917. The writ of coram nobis is an extraordinary writ and an extraordinary remedy. *Id.* It should not be granted in the ordinary case; rather, it should be granted only in extraordinary cases under circumstances compelling such action to achieve justice. *Id.*; *Morgan*, 346 U.S. at 511; *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

Although a petitioner may file a writ of coram nobis at any time, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009).

This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. *Id.* If the petitioner meets the threshold requirements, his claims are then evaluated under the standards applicable to his issues. *Id.* Evaluating Petitioner's case under the coram nobis threshold requirements, we find that Petitioner has failed to satisfy several threshold requirements—the failure to meet any one alone warrants a denial of Petitioner's writ.

First, a writ of coram nobis is not the only remedy available as Petitioner may seek relief through a writ of habeas corpus in an Article III court. *See Denedo*, 556 U.S. at 911 ("[A]n extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available."); *see also Loving v. United States*, 68 M.J. 1, 26–27

(C.A.A.F. 2009) (Ryan, J. dissenting) ("[A]n Article III court could properly consider a military prisoner's habeas corpus petition and the All Writs Act does not allow this Court to act in the face of another, specific statute."). Additionally, Petitioner has not served his sentence; he was sentenced to confinement for life with the possibility of parole and the sentence was affirmed. *Chapman,* unpub. op. at 1. His own pleadings identify that he is still confined. Furthermore, in regards to the claim of error in the military judge's instructions, Petitioner has not set forth valid reasons why he did not seek relief earlier. On direct appeal, Petitioner asserted several errors and an additional 13 errors pursuant to his rights under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). *Chapman*, unpub. op. at 2. Petitioner provides no explanation as to why the military judge's failure to provide an instruction was not challenged during direct appeal.

*Conclusion*

This court does not have jurisdiction over habeas corpus petitions when there is a final judgment as to the legality of the proceedings and all portions of the sentence have been ordered executed under Article 71(c)(1), UCMJ, and the case is final under Article 76, UCMJ. Petitioner has also not carried his burden to demonstrate that his case presents extraordinary circumstances warranting issuance of the writ of error coram nobis. Accordingly, it is by the court on this 18th day of February 2016,

**ORDERED:**

That the petition for extraordinary relief in the nature of a writ of habeas corpus and writ of error coram nobis is hereby **DENIED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

Misc. Dkt. No. 2014-16