# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

Airman Basic STEVEN M. CHAPMAN
United States Air Force,
Petitioner

**v.**

UNITED STATES,
Respondent

Misc. Dkt. No. 2016-07

9 June 2016

Sentence adjudged 15 July 2002 by GCM convened at Cannon Air Force Base, New Mexico.  Military Judge:  Patrick M. Rosenow.

Approved sentence:  Dishonorable discharge, confinement for life with the possibility of parole, forfeiture of all pay and allowances, and reduction to E-1.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

_This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4._

MITCHELL, Senior Judge:

Petitioner previously filed a petition for a writ of habeas corpus.  We concluded we did not have jurisdiction for the writ of habeas corpus and denied the petition.  *Chapman v. United States*, 75 M.J. 598, 599 (A.F. Ct. Crim. App. 2016).  Although we did have jurisdiction for a writ of error coram nobis, we determined Petitioner had not met the threshold requirements and denied the writ.  *Id.* at 601–02.

Petitioner asks for reconsideration of our published decision.  Petitioner received a copy of the decision on 29 February 2016.  He filed the writ seeking reconsideration on 4 April 2016.  Our rules required a request for reconsideration to be filed within 30 days.  A.F. Ct. Crim. App. R. Prac. and Proc. 19(b) (2013).  Because this writ petition was filed beyond that window, we have docketed it as a new petition with our court.  Petitioner

argues that we misapplied or overlooked the law and that we do have jurisdiction over his habeas corpus petition. We have considered this writ petition and again deny the writ.

This court does not have jurisdiction over habeas corpus petitions when there is a final judgment as to the legality of the proceedings and all portions of the sentence have been ordered executed under Article 71(c)(1), UCMJ, 10 U.S.C. § 870(c)(1), and the case is final under Article 76, UCMJ, 10 U.S.C. § 876.

On consideration thereof, it is ordered that said petition is hereby dismissed for lack of jurisdiction; no further filings on writs of habeas corpus will be accepted or docketed by the court on this matter.

Accordingly, it is by the court on this 9th day of June 2016,

**ORDERED:**

That the petition for extraordinary relief in the nature of a writ of habeas corpus is hereby **DENIED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court