# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| James W. RICHARDS, IV | ) | Misc. Dkt. No. 2018–07 |
| Lieutenant Colonel (O-5) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Heather WILSON | ) | |
| Secretary of the Air Force | ) | |
| | ) | |
| Brian S. GREENROAD | ) | |
| Colonel (O-6) | ) | |
| Commander | ) | |
| Air Force Security Forces Center | ) | |
| | ) | |
| D. L. HILTON | ) | |
| Colonel (O-6) | ) | |
| Commandant | ) | |
| United States Disciplinary | ) | |
| Barracks | ) | |
| *Respondents* | ) | Special Panel 2 |

Petitioner's court-martial has had a lengthy appellate history, and it is unnecessary to recount the details here. The following summary is sufficient for present purposes. On 21 February 2013, a general court-martial sentenced Petitioner to a dismissal, confinement for 17 years, and forfeiture of all pay and allowances. This court affirmed the findings and sentence of Petitioner's court-martial on 2 May 2016; the United States Court of Appeals for the Armed Forces (CAAF) affirmed our decision on 13 July 2017; and the United States Supreme Court denied Petitioner's petition for a writ of certiorari on 28 June 2018. *United States v. Richards*, No. ACM 38346, 2016 CCA LEXIS 285 (A.F. Ct. Crim. App. 2 May 2016) (unpub. op.), *aff'd*, 76 M.J. 365 (C.A.A.F. 2017), *cert. denied*, ___U.S.___, 138 S. Ct. 2707 (2018). On 4 June 2018, while Petitioner's certiorari petition was pending, Petitioner docketed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus (Mandamus Petition) with this court. On 27 August 2018, after certiorari was denied but while the Mandamus Petition was pending, the Secretary of the Air Force ordered Petitioner's dismissal executed.

Petitioner filed the instant Petition for Extraordinary Relief: Writ of Habeas Corpus (Habeas Petition) and several related motions *pro se* on 13 September 2018. On 17 September 2018, the Government moved to dismiss the Habeas Petition for lack of jurisdiction, and to dismiss Petitioner's associated motions as moot. After receiving an extension of time, Petitioner—now represented by counsel—responded to the motion to dismiss on 14 October 2018.

On 19 October 2018, this court denied the Mandamus Petition. *Richards v. James, et al.*, Misc. Dkt. 2017–04, ____ CCA LEXIS ___ (A.F. Ct. Crim. App. 19 Oct. 2018) (unpub. op.).

In the instant Habeas Petition, Petitioner relies on *United States v. Boyce*, 76 M.J. 242 (C.A.A.F. 2017), to contend that his court-martial and subsequent review by the convening authority were contaminated by unlawful command influence, and requests that we order his release from confinement. We agree with the Government that we lack jurisdiction.

In *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016), we held that this court does not have jurisdiction over habeas petitions where direct appellate review is complete under Article 71, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 871, and the case is final under Article 76, UCMJ, 10 U.S.C. § 876. Direct appellate review of Petitioner's court-martial was complete when the Supreme Court denied certiorari on 28 June 2018. *See* 10 U.S.C. § 871(c)(1)(C)(ii). Petitioner's court-martial result became final on 27 August 2018 when the Secretary of the Air Force ordered the dismissal executed. *See* 10 U.S.C. § 876. Accordingly, under *Chapman*, we lack jurisdiction over the Habeas Petition. *See also Sutton v. United States*, 78 M.J. 537, 541 (A.F. Ct. Crim. App. 2018) (relying on *Chapman* to hold this court also lacks jurisdiction over writs of prohibition or mandamus where a case is final under Article 76, UCMJ).

Petitioner virtually ignores the controlling decision in *Chapman* and instead relies on *United States v. Denedo*, 556 U.S. 904 (2009), for the proposition that finality under Article 76, UCMJ, does not terminate the authority of a court of criminal appeals to issue extraordinary writs. However, Petitioner fails to recognize the fundamental distinction between the petition for a writ of *coram nobis* at issue in *Denedo* and the petition for a writ of habeas corpus that he now seeks. Unlike a habeas petition, a petition for writ of *coram nobis* is "a belated extension of the original proceeding during which the error allegedly transpired," and therefore our review of such a petition is a continuation of our original review on direct appeal under Article 66, UCMJ. *Id.* at 913–14; *see also Chapman*, 75 M.J. at 600–01 (distinguishing *Denedo*); *but cf. United States v. Gray*, 77 M.J. 5, 6 (C.A.A.F. 2017), *cert. denied*, ___U.S.___, 138 S. Ct. 2709 (2018) (holding the CAAF lacks jurisdiction over a petition for *coram nobis* where the case is final under Article 76, UCMJ). Unlike *coram nobis*, "a

habeas corpus petition is not an extension of the direct appeal, and the rationale in *Denedo* does not apply to extend jurisdiction beyond the finality of Article 76, UCMJ." *Chapman*, 75 M.J. at 601.

Petitioner further argues other circumstances in his case provide us with jurisdiction. He contends his direct review is in fact not final because his Mandamus Petition was still pending with this court when his dismissal was ordered executed, and therefore the execution order was unlawful. Relatedly, he contends that even if the execution order were otherwise lawful, the pending Mandamus Petition itself continues our jurisdiction over his case. We disagree. Under Article 71, UCMJ, a judgment as to the legality of the proceedings is final when "review is completed by a Court of Criminal Appeals"* and, *inter alia*, the CAAF has completed its review and the Supreme Court has denied certiorari. These criteria have been met with respect to Petitioner's case, as summarized above. Accordingly, the judgment on the legality of the proceedings was final as of 28 June 2018 and Petitioner's sentence to dismissal was ripe to be "carried into execution" when the Secretary ordered it executed on 27 August 2018. *See* 10 U.S.C. § 876. We are not persuaded that a petitioner may indefinitely forestall finality of a judgment by continuing to submit petitions for extraordinary writs to a court of criminal appeals.

Finally, we note Petitioner contends that, due to circumstances beyond his control, he erroneously believed the instant Habeas Petition had been filed with this court on his behalf before 27 August 2018. However, Petitioner's explanations for why the petition was not filed sooner cannot create jurisdiction where it does not exist.

Accordingly, it is by the court on this 22nd day of October, 2018,

**ORDERED:**

Respondents' Motion to Dismiss dated 17 September 2018 is **GRANTED**. Petitioner's pending Motion for Leave to File, Motion to Compel Discovery, and Motion to Stay, all dated 13 September 2018, are **DENIED AS MOOT**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

* We find this language in Article 71, UCMJ, specifically refers to review under Article 66, UCMJ, 10 U.S.C. § 866, *Review by Court of Criminal Appeals*.