# United States Air Force
# Court of Criminal Appeals

| | | |
|---|---|---|
| **James W. RICHARDS, IV** | ) | **Misc. Dkt. No. 2018–10** |
| **Lieutenant Colonel (O-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Petitioner* | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **Heather WILSON** | ) | |
| **Secretary of the Air Force** | ) | |
| *Respondent* | ) | **Special Panel** |

The following procedural history provides the context for the instant Petition for Writ of Mandamus. On 21 February 2013, a general court-martial sentenced Petitioner to a dismissal, confinement for 17 years, and forfeiture of all pay and allowances. This court affirmed the findings and sentence of Petitioner's court-martial on 2 May 2016; the United States Court of Appeals for the Armed Forces affirmed our decision on 13 July 2017; and the United States Supreme Court denied Petitioner's petition for a writ of certiorari on 28 June 2018. *United States v. Richards*, No. ACM 38346, 2016 CCA LEXIS 285 (A.F. Ct. Crim. App. 2 May 2016) (unpub. op.), *aff'd*, 76 M.J. 365 (C.A.A.F. 2017), *cert. denied*, ___U.S.___, 138 S. Ct. 2707 (2018). On 4 June 2018, while Petitioner's certiorari petition was pending, Petitioner docketed a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus (June Mandamus Petition) with this court. On 27 August 2018, after certiorari was denied but while the June Mandamus Petition was pending, the Secretary of the Air Force ordered Petitioner's dismissal executed.

On 13 September 2018, Petitioner filed a Petition for Extraordinary Relief: Writ of Habeas Corpus (Habeas Petition) asserting unlawful command influence as well as several related motions. On 17 September 2018, the Government moved to dismiss the Habeas Petition for lack of jurisdiction.

On 19 October 2018, this court denied the June Mandamus Petition. *Richards v. James, et al.*, Misc. Dkt. 2017–04, ____ CCA LEXIS ___ (A.F. Ct. Crim. App. 19 Oct. 2018) (unpub. op.). On 22 October 2018, we issued an order granting the Government's motion to dismiss the Habeas Petition for lack of jurisdiction.

On 21 November 2018, Petitioner filed a Motion for Reconsideration of our 22 October 2018 order granting the motion to dismiss the Habeas Petition,

with a suggestion for reconsideration *en banc*. On the same day, Petitioner also filed the instant Petition for Writ of Mandamus and a motion that this court "stay reconsideration [of the dismissal of the Habeas Petition] until it rules on the instant writ of mandamus."

On 27 November 2018, the Government both opposed the Motion for Reconsideration and moved to dismiss the instant Petition for Writ of Mandamus for lack of jurisdiction.

Our 22 October 2018 order explained that this court lacked jurisdiction over Petitioner's Habeas Petition because direct appellate review was complete and his case was final under Articles 71 and 76, Uniform Code of Military Justice, 10 U.S.C. §§ 871, 876. *See United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016). For similar reasons, we also lack jurisdiction over the instant mandamus petition. *See Sutton v. United States*, 78 M.J. 537, 541 (A.F. Ct. Crim. App. 2018). Petitioner continues to argue, as he did with respect to the motion to dismiss the Habeas Petition, that the Secretary's 27 August 2018 order directing that his dismissal be executed was unlawful and a nullity because the June Mandamus Petition was pending at the time, and therefore his case was not "final." We continue to be unpersuaded.

Accordingly, it is by the court on this 7th day of December, 2018,

**ORDERED:**

The Government's Motion to Dismiss dated 27 November 2018 is **GRANTED**. Petitioner's pending Motion to Stay Proceedings is **DENIED AS MOOT**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court