# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Joseph L. NEIS | ) | Misc Dkt No. 2019–02 |
| Technical Sergeant (E-6) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | **Panel 2** |

On 15 May 2019, Petitioner filed with this court a Petition for Writ of Habeas Corpus *in propria persona*, seeking to have this court order his immediate release from confinement and declare his conviction for rape unlawful. Petitioner asserts that in accordance with the decisions of United States Court of Appeals for the Armed Forces (CAAF) in *United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018), and *United States v. Briggs*, 78 M.J. 289 (C.A.A.F. 2019), his conviction for a rape committed on or about 15 September 2006 was barred by a five-year statute of limitations pursuant to the version of Article 43, UCMJ, 10 U.S.C. § 843, in effect at the time of the offense. We find the requested writ is not warranted.

## I. BACKGROUND

On 1 March 2017, several specifications were preferred against Petitioner, including one specification of rape in violation of Article 120, UCMJ, 10 U.S.C. § 920, committed in September 2006. The summary court-martial convening authority received these specifications on the same day. At a trial held from 23 August 2017 until 2 September 2017, a general court-martial convicted Petitioner, contrary to his pleas, of the specification of rape in September 2006 as well as one specification of abusive sexual contact, also in violation of Article 120, UCMJ. The court-martial sentenced Petitioner to a dishonorable discharge, confinement for seven years, and reduction to the grade of E-3. On 3 January 2018, the military judge granted in part a post-trial defense motion for a new trial, and vacated the conviction for abusive sexual contact and the sentence. The convening authority subsequently dismissed the specification of abusive sexual contact. At a sentencing rehearing on the remaining conviction for rape, conducted on 24–26 April 2018, Petitioner was sentenced to a dishonorable discharge, confinement for five years, and reduction to the grade of E-1. On 23 August 2018, the convening authority approved a reduction only to the grade of E-3, as well as the dishonorable discharge and confinement for five years.

## II. LAW

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). A writ of habeas corpus is one such extraordinary writ. *See id.* The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The writ of habeas corpus is the "traditional remedy for unlawful imprisonment." *Waller v. Swift*, 30 M.J. 139, 142 (C.M.A. 1990) (citations omitted).

The Supreme Court has held three conditions must be met before a court provides extraordinary relief: (1) the petitioner must show the "right to issuance of the writ is clear and indisputable;" (2) the petitioner seeking the writ must have "no other adequate means to attain the relief;" and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted).

## III. ANALYSIS

Petitioner fails to demonstrate a "clear and indisputable" right to his requested relief. He contends that in *Mangahas*, the CAAF "held that the statute of limitations is five years for any alleged UCMJ Article 120 violation (i.e., rape of an adult) that occurred prior to October 1, 2007." Petitioner is incorrect.

Prior to 6 January 2006, Article 43(a), UCMJ, provided that a person "charged with an offense punishable by death" was subject to trial and punishment by court-martial "at any time without limitation." 10 U.S.C. § 843(a), *Manual for Courts-Martial, United States* (2005 ed.) (2005 *MCM*). In *Mangahas*, the CAAF overruled its precedent in *Willenbring v. Neurauter*, 48 M.J. 152, 178, 180 (C.A.A.F. 1998), to hold that a rape in violation of Article 120, UCMJ, allegedly committed in 1997 was not "an offense punishable by death" within the meaning of the pre-2006 version of Article 43, UCMJ, because the death penalty was "simply unavailable for the charged offense on constitutional grounds." 77 M.J. at 224–25. Therefore, the alleged 1997 rape was subject to the general five-year statute of limitation applicable to most offenses under the UCMJ. *Mangahas*, 77 M.J. at 225; *see* 10 U.S.C. § 843(a), 2005 *MCM*.

However, on 6 January 2006, the National Defense Authorization Act for Fiscal Year 2006 (NDAA) amended Article 43(a), UCMJ, to explicitly remove any temporal limitation on trial or punishment for the offense of rape, as well as murder or "any other offense punishable by death." Pub. L. No. 109–163, §

553, 119 Stat. 3136, 3264 (2006). Congress did not specify a particular implementation date with respect to § 553 of the NDAA, which is the section that removed the statute of limitations for the offense of rape.[1] "It is a well-established principle of statutory construction that, absent a clear direction of Congress to the contrary, a law takes effect on the date of its enactment." *United States v. Christian*, 63 M.J. 205, 208 (C.A.A.F. 2006) (citations omitted). Therefore, contrary to Petitioner's claim, the September 2006 rape for which Petitioner was convicted was not subject to any statute of limitation because the amendment took effect on 6 January 2006.[2]

Because Petitioner has failed to demonstrate a "clear and indisputable right" to the requested relief, we need not address whether he meets the remaining conditions for the writ he seeks.

Accordingly, it is by the court on this 27th day of February, 2020,

**ORDERED:**

The Petition for Writ of Habeas Corpus is hereby **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] Congress did provide certain other modifications to the UCMJ implemented by the NDAA with an effective date of 1 October 2007. However, this delayed effective date applied to § 552 of the NDAA, and not to § 553 which removed the statute of limitations for rape. Pub. L. No. 109–163, §§ 552–53, 119 Stat. 3136, 3264 (2006).

[2] Petitioner also cites *Briggs*, 78 M.J. at 293–95, in which the CAAF held that the 2006 amendment did not retroactively apply to a rape allegedly committed in 2005, which was thus still subject to a five-year statute of limitations. However, *Briggs* is inapposite to Petitioner's conviction for an offense committed in September 2006; the CAAF has never held that the prosecution of a rape allegedly committed after 6 January 2006 was subject to the five-year limit.