# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Ralph J. HYPPOLITE II | ) | Misc. Dkt. No. 2021–02 |
| Staff Sergeant (E-5) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | Panel 2 |

This order resolves Petitioner's 4 March 2021 request for extraordinary relief in the nature of a writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651(a). Petitioner, through civilian counsel, asks this court to issue a writ of habeas corpus, vacate the findings and sentence approved by the convening authority, order his immediate release from confinement, and restore all rights, property, and privileges to Petitioner. Additionally, citing Rule 19(b)(2)(I) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals, Petitioner requests the appointment of military appellate defense counsel under Article 70, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 870.[1]

The United States Court of Appeals for the Armed Forces issued a decision in Petitioner's case on 1 August 2019, affirming the findings and sentence as approved by this court. *United States v. Hyppolite*, 79 M.J. 161, 167 (C.A.A.F. 2019). Thereafter, Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, and direct review of Petitioner's case was complete. On 8 December 2020, the commander of the Air Force District of Washington ordered execution of Petitioner's dishonorable discharge, having already ordered the other portions of Petitioner's sentence executed.

This court does not have jurisdiction over habeas corpus petitions when there is a final judgment as to the legality of the proceedings, all portions of the sentence have been ordered executed, and the case is final under Articles

---

[1] *See Manual for Courts-Martial, United States*, Appendix 2, at 29–30, § 857 (2019 ed.) (2019 *MCM*).

71(c)(1)(C)(i) and 76, UCMJ, 10 U.S.C. §§ 871(c)(1)(C)(i), 876.[2] *Chapman v. United States*, 75 M.J. 598, 600–01 (A.F. Ct. Crim. App. 2016) (citations omitted). Consequently, this court lacks jurisdiction to grant Petitioner's request for extraordinary relief and to order appointment of military appellate defense counsel to represent Petitioner. *Id.* at 600.[3]

Accordingly, it is by the Court on this 29th day of March, 2021,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus is **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[2] The charge and specifications in Petitioner's court-martial were referred before the effective date of amendments made to the Uniform Code of Military Justice (UCMJ) by the Military Justice Act of 2016, as implemented by the President effective 1 January 2019. *See* National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5542(c)(2) (23 Dec. 2016); Exec. Order 13,825, §§ 3(a), (d), 83 Fed. Reg. 9889 (8 Mar. 2018). These amendments were subsequently included in Appendix 2 of the 2019 *MCM*. Because Petitioner's case was referred to trial before 1 January 2019, the substantive provisions of Article 71, UCMJ (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*))—which now appear in Article 57(a)(5) and (c), UCMJ (2019 *MCM*) and apply to cases referred on or after 1 January 2019—governed actions taken after appellate review was completed in Petitioner's case. Likewise, the provisions of Article 76, UCMJ (2016 *MCM*), which is unchanged in the 2019 *MCM*, govern the finality of proceedings in Petitioner's case.

[3] Petitioner was represented by military and civilian appellate defense counsel on appeal. *See Hyppolite*, 79 M.J. at 161; *United States v. Hyppolite*, No. ACM 39358, 2018 CCA LEXIS 517 (A.F. Ct. Crim. App. 25 Oct. 2018) (unpub. op.).