# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Robert A. CONDON | ) | Misc. Dkt. No. 2022-04 |
| Staff Sergeant (E-6) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | Special Panel |

This order resolves Petitioner's 9 May 2022 request for extraordinary relief in the nature of a writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651. Petitioner, through civilian counsel, asks this court to issue a writ of habeas corpus, and order his immediate release from confinement. Specifically, Petitioner cites inadequate direct review of his case on appeal, and requests we review the following: (1) whether prosecutorial misconduct occurred in the handling of the transcript on appeal; (2) whether Petitioner's appellate defense counsel was ineffective; (3) whether there was a *Brady v. Maryland,* 373 U.S. 83 (1963), violation through the failure to disclose the key witness's prior criminal conviction; (4) whether the trial judge erred by assigning himself as the judge for the Petitioner's court-martial; and (5) whether the trial judge engaged in "improper command influence."

Petitioner's case completed direct review on 1 October 2018 when the Supreme Court of the United States denied his petition for certiorari. *Condon v. United States*, 139 S. Ct. 110 (2018); *see* Article 71(c)(1)(C)(ii), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 871(c)(1)(C)(ii). On 26 April 2019, Petitioner's case became final when the convening authority ordered the dishonorable discharge executed, having already ordered the other portions of Petitioner's sentence executed. *See* Article 76, UCMJ, 10 U.S.C. § 876.*

This court does not have jurisdiction over habeas corpus petitions when there is a final judgment as to the legality of the proceedings, all portions of the sentence have been ordered executed, and the case is final under Articles 71(c)(1)(C)(ii) and 76, UCMJ. *Chapman v. United States*, 75 M.J. 598, 600–01

---

* The substantive law on finality did not change in Appellant's case during the course of his appeal. *See* Articles 71(c)(1)(C)(ii) and 76, UCMJ (*Manual for Courts-Martial, United States* (2012 ed.)), and Articles 71(c)(1)(C)(ii) and 76, UCMJ (*Manual for Court-Martial, United States* (2016 ed.)).

(A.F. Ct. Crim. App. 2016) (citations omitted). As this court addressed in *Chapman*, habeas corpus petitions are "considered a *separate* civil case and record." *Id.* at 601 (citation omitted). "Furthermore, the [United States] Supreme Court has stated that the federal district courts have jurisdiction over habeas corpus petitioners who are imprisoned as a result of court-martial convictions. . . . 'By statute, Congress has charged them with the exercise of that power.'" *Id.* (citing *Burns v. Wilson*, 346 U.S. 137, 139 (1953)). Consequently, this court lacks jurisdiction to grant Petitioner's request for extraordinary relief in the nature of a writ of habeas corpus.

Accordingly, it is by the court on this 21st day of June, 2022,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court