# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re Damian G. KAWAI,** | ) | **Misc. Dkt. No. 2022-08** |
| **Airman First Class (E-3)** | ) | |
| *Petitioner* | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

This order resolves Petitioner's 14 July 2022 request for extraordinary relief in the nature of a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651. The court did not order briefs by the Government or Petitioner in response. We conclude we do not have jurisdiction to adjudicate Petitioner's request and deny the petition.

## I. BACKGROUND

Petitioner's case has a long history dating back to November 2001 when he committed his crimes; he is currently serving a sentence of life with the possibility of parole.[1] *See United States v. Kawai*, 63 M.J. 591 (A.F. Ct. Crim. App. 2006); *United States v. Kawai*, No. ACM 35366 (reh), 2007 CCA LEXIS 474 (A.F. Ct. Crim. App. 2 Oct. 2007) (unpub. op.), *aff'd*, 66 M.J. 495 (C.A.A.F. 2008). Final judgment as to the legality of the proceedings and all portions of the sentence were executed, thereby rendering the case final under Articles 71(c)(1) and 76, UCMJ, 10 U.S.C. §§ 871(c)(1), 876 (*Manual for Courts-Martial, United States* (2008 ed.)).

In May 2022, Petitioner filed a motion for compassionate release and reduction in sentence with this court; we found we had no jurisdiction to address Petitioner's request. *In re Kawai*, Misc. Dkt. No. 2022-02, 2022 CCA LEXIS 310 (A.F. Ct. Crim. App. 25 May 2022) (order).[2] Petitioner has now filed a petition for extraordinary relief in the nature of a writ of mandamus with this court. Specifically, Petitioner requests a "[r]eduction in [s]entence based on

---

[1] The court understands that Petitioner is still confined at the United States Penitentiary, Atwater, California. Petitioner advises that after serving 20 years of his sentence, he was granted a parole hearing for the first time in late 2021.

[2] *See also In re Kawai*, 82 M.J. 28 (C.A.A.F. 2021), where our superior court dismissed Petitioner's request for compassionate release and reduction in sentence for lack of jurisdiction.

new scientific and mitigating evidence on brain development for adolescent[s] that was not available when [Petitioner] was original[ly] sentenced." Petitioner argues there are three grounds for granting his petition: (1) "the [United States] Sentencing Commission's Report on Youthful Offenders in the federal system;" (2) new scientific data on "neurological development, decision-making, and reform factors," as discussed in *Miller v. Alabama,* 567 U.S. 460 (2012); and (3) Petitioner's rehabilitation efforts, as well as other similarly-situated defendants who received sentence relief "in part, due to their age at the time of the crime, and the new scientific neurological evidence."

## II. Law and Analysis

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman,* 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States,* 62 M.J. 235, 246 (C.A.A.F. 2005)).

A writ of mandamus is a writ directed "by a superior court to compel a lower court or government officer to perform mandatory or purely ministerial duties correctly." *Mandamus,* BLACK'S LAW DICTIONARY (8th ed. 2004). A writ of mandamus "is used, *inter alia,* 'to compel [officers and commanders] to exercise [their] authority when it is [their] duty to do so.'" *Sutton v. United States,* 78 M.J. 537, 541 (A.F. Ct. Crim. App. 2018) (alterations in original) (quoting *Dew v. United States,* 48 M.J. 639, 648 (A. Ct. Crim. App. 1998) (quoting *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26 (1943)).

As this court noted in *Sutton,* "the rationale in [United States v. *Denedo,* 556 U.S. 904, 916–17 (2009),] that extends jurisdiction beyond finality of Article 76, UCMJ, does not apply to writs of prohibition and mandamus." *Sutton* 78 M.J. at 541. "[T]here is no one to order to take or not take an action after a case is final under Article 76, UCMJ, and writs of mandamus [ ] do not encompass allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id.* As we stated then, and reiterate now, "We do not have jurisdiction for writs of [ ] mandamus when a court-martial has completed direct review under Article 71, UCMJ, and the case is final under Article 76, UCMJ." *Id.* Consequently, because Appellant's case is final under Articles 71 and 76, UCMJ, this court lacks jurisdiction to grant Petitioner's request for extraordinary relief in the nature of a writ of mandamus.

Accordingly, it is by the court on this 12th day of August, 2022,

**ORDERED:**

Petitioner's request for extraordinary relief in the nature of a Writ of Mandamus dated 14 July 2022 is **DENIED**.



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court