# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re Brian W. ALTON** | ) | **Misc. Dkt. No. 2024-12** |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

In July 2021, Petitioner was convicted at a general court-martial of one specification of conspiracy to obstruct justice, one specification of wrongfully leaving the scene of an accident, one specification of drunken operation of a vehicle resulting in injury, one specification of drunken operation of a vehicle not resulting in injury, one specification of involuntary manslaughter, and two specifications of obstructing justice in violation of Articles 81, 111, 113, 119, and 131b, UCMJ, 10 U.S.C. §§ 881, 911, 913, 919, 931b.[1] The military judge sentenced Petitioner to a dishonorable discharge, confinement for 14 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority took no action on the sentence.

On appeal, Petitioner challenged, *inter alia*, whether the court-martial lacked personal jurisdiction over him because he had been discharged from the Air Force. This court concluded, *inter alia*, Petitioner "was not effectively discharged from the Air Force for purposes of court-martial jurisdiction," and we affirmed the findings and sentence. *United States v. Alton*, No. ACM 40215, 2023 CCA LEXIS 184, at *15, *46–47 (A.F. Ct. Crim. App. 28 Apr. 2023) (unpub. op.), *pet. denied*, 83 M.J. 436 (C.A.A.F. 2023). The United States Court of Appeals for the Armed Forces (CAAF) denied review of this court's opinion, *United States v. Alton*, 83 M.J. 436 (C.A.A.F. 2023), and subsequently denied Petitioner's petition for reconsideration of the denial, *United States v. Alton*, 83 M.J. 465 (C.A.A.F. 2023).

On 4 October 2024, Petitioner filed the instant Petition for Relief in the Form of a Writ of Habeas Corpus. Petitioner now asserts the court-martial lacked personal jurisdiction over him on a theory he did not raise in his initial appeal: that 10 U.S.C. § 651 deprived the court-martial of jurisdiction because

---

[1] References to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

Petitioner had been serving in his "initial period" of enlistment for over eight years at the time of trial.[2]

On 24 October 2024, the Government filed a Motion for Leave to File a Motion to Dismiss. The Government contends that under Article 57(c)(1)(B)(ii), UCMJ, 10 U.S.C. § 857(c)(1)(B)(ii), and Article 76, UCMJ, 10 U.S.C. § 876, appellate review of Petitioner's conviction was complete when the CAAF rejected Petitioner's petition for reconsideration of denial of review. Therefore, the Government argues, in accordance with this court's prior decisions in *United States v. Sutton*, 78 M.J. 537, 540 (A.F. Ct. Crim. App. 2018), and *United States v. Chapman*, 75 M.J. 598, 601 (A.F. Ct. Crim. App. 2016), this court does not have jurisdiction over Petitioner's habeas corpus petition.

On 4 November 2024, Petitioner opposed the Government's Motion for Leave to File a Motion to Dismiss. Petitioner essentially contends the holding of *Chapman* (and by implication *Sutton*) was contrary to the rationale of *United States v. Denedo*, 556 U.S. 904, 916 (2009), and wrongly decided.

"The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citation omitted); *see* 10 U.S.C. § 866. "The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman*, 75 M.J. at 600 (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999)).

The Courts of Criminal Appeals do not have jurisdiction over habeas petitions where direct appellate review is complete and the case is final under Article 76, UCMJ, 10 U.S.C. § 876. *See Chapman*, 75 M.J. at 600; *accord Sutton*, 78 M.J. at 540. Direct appellate review ended and Petitioner's court-martial result became final when the CAAF denied Petitioner's petition for reconsideration of its denial of review of this court's opinion. *See* 10 U.S.C. §§ 857(c)(1)(B)(ii), 876; *accord* R.C.M. 1209. Accordingly, we lack jurisdiction to grant the requested habeas relief.

Our conclusion is not contrary to *Denedo*, which held "Article I military courts have jurisdiction to entertain *coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect," notwithstanding that direct appellate review is complete under Article

---

[2] 10 U.S.C. § 651(a) provides, in pertinent part, "Each person who becomes a member of an armed force . . . shall serve in the armed forces for a total initial period of not less than six years nor more than eight years, as provided in regulations prescribed by the Secretary of Defense for the armed forces under his jurisdiction . . . ."

76, UCMJ. 556 U.S. at 917; *accord United States v. Denedo*, 66 M.J. 114, 126 (C.A.A.F. 2008) (stating a coram nobis petition "may be filed at any time without limitation"). *Chapman* acknowledged the CAAF and United States Supreme Court decisions in *Denedo*, and recognized that "a petitioner may file a writ of coram nobis at any time." 75 M.J. at 601 (citation omitted). However, habeas corpus and coram nobis are distinct bases for extraordinary relief with different threshold requirements, and Petitioner acknowledges his "incarceration status means that he cannot file [a petition for] a writ of coram nobis." *See id.* ("[T]o be entitled to the [coram nobis] writ [a petitioner] must meet the following threshold requirements: . . . the sentence has been served, but the consequences of the erroneous conviction persist."). Thus, binding precedent holds Petitioner cannot now obtain either habeas corpus or coram nobis relief from this court.

Accordingly, it is by the court on this 17th day of December, 2024,

**ORDERED:**

The Government's Motion for Leave to File Motion to Dismiss is **GRANTED**. The petition is **DISMISSED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court