# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Humphrey DANIELS III | ) | Misc. Dkt. No. 2025-06 |
| Lieutenant Colonel (O-5) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

On 14 June 2017, a general court-martial composed of officer members originally convicted Petitioner, contrary to his pleas, of one specification of negligent dereliction of duty, one specification of rape, and four specifications of conduct unbecoming an officer and a gentleman in violation of Articles 92, 120, and 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 933.[1,2] Petitioner's case has had a lengthy appellate history on direct review, as described in this court's most recent opinion. *See United States v. Daniels*, No. ACM 39407 (rem), 2025 CCA LEXIS 83, at *1–7 (A.F. Ct. Crim. App. 25 Feb. 2025) (unpub. op.). For purposes of this petition, we note that on 25 February 2025, this court issued its most recent opinion following a remand from the United States Court of Appeals for the Armed Forces (CAAF). *Id.* On 6 June 2025, Petitioner once again petitioned the CAAF for review, and that petition is currently pending before our superior court.

On 5 June 2025, Petitioner filed *pro se* with this court the instant extraordinary writ petition seeking relief for "newly discovered evidence of fraud on the court." This court docketed the petition on 11 June 2025. Attached to the

---

[1] References to Article 120, UCMJ, are to the version found in the *Manual for Courts-Martial, United States* (1998 ed.).

[2] This court affirmed only those findings of guilty as to one specification of negligent dereliction of duty, as modified, one specification of rape, and three specifications of conduct unbecoming an officer and gentleman in violation of Articles 92, 120, and 133, UCMJ. *United States v. Daniels*, No. ACM 39407 (rem), 2022 CCA LEXIS 472, at *66 (A.F. Ct. Crim. App. 9 Aug. 2022) (unpub. op.), *aff'd in part, rev'd in part*, 83 M.J. 473 (C.A.A.F. 2023).

CUI

*In re Daniels*, Misc. Dkt. No. 2025-06

petition are several documents which, Petitioner asserts, demonstrate he was wrongfully convicted of several offenses.

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). We construe the instant petition as a petition for a writ of error coram nobis. *See id.* at 601 (A.F. Ct. Crim. App. 2016) (citation omitted) ("The label placed on a petition for extraordinary relief is of little significance."). "Appellate military courts have jurisdiction over 'coram nobis petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect.'" *Id.* (quoting *United States v. Denedo*, 556 U.S. 904, 917 (2009)). A petitioner for a writ of coram nobis has the burden to show a clear and indisputable right to the extraordinary relief requested. *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)), *aff'd and remanded*, 556 U.S. 904 (2009). The writ of coram nobis "should be granted only in extraordinary cases under circumstances compelling such action to achieve justice." *Chapman*, 75 M.J. at 601 (citing *Denedo*, 556 U.S. at 917) (additional citations omitted).

> Although a petitioner may file a writ of coram nobis at any time, to be entitled to the writ he must meet the following threshold requirements:
>
> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Id.* (quoting *Denedo*, 66 M.J. at 126).

Importantly, this court may issue extraordinary writs only in aid of our *existing* jurisdiction; the All Writs Act does not enlarge our jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)); *Loving*, 62 M.J. at 246 (citation omitted). Given that Petitioner's case is currently pending a decision by the CAAF on his petition for review by that court on direct review, we must consider whether any action by this court on the petition would be in aid of our existing

CUI

*In re Daniels*, Misc. Dkt. No. 2025-06

jurisdiction. We conclude it would not. At this point, jurisdiction over Petitioner's case lies with the CAAF, not with this court. *See* 10 U.S.C. § 867(b) (providing the CAAF "shall act" on a petition timely filed by an accused seeking review of a decision by a Court of Criminal Appeals); *cf. United States v. Riley*, 58 M.J. 305, 310 n.3 (C.A.A.F. 2003) (citation omitted) ("The timely filing of a petition for review vests jurisdiction in [the CAAF] and divests the Court of Criminal Appeals of jurisdiction to reconsider its decision."). Because any writ this court issued with regard to the instant petition would not be in aid of our existing jurisdiction, we lack jurisdiction under the All Writs Act to grant Petitioner the relief sought.

Accordingly, having reviewed the petition and its several attachments, it is by the court on this 25th day of July, 2025,

**ORDERED:**

The petition for extraordinary relief received by this court on 5 June 2025 is hereby **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court