# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Rafael VERDEJO RUIZ[1] | ) | Misc. Dkt. No. 2025-15 |
| Technical Sergeant (E-6) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | Special Panel |

In February 2011, Petitioner was tried and convicted by a general court-martial composed of officer and enlisted members at Tyndall Air Force Base, Florida, for one specification of rape of a person between the ages of 12 and 16 years, one specification of carnal knowledge of a person between the ages of 12 and 16 years, one specification of forcible sodomy of a person between the ages of 12 and 16 years, and one specification of indecent acts upon the body of a female under the age of 16 years, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934.[2] The court-martial sentenced Petitioner to a dishonorable discharge, confinement for 25 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority did not approve the adjudged forfeitures, but approved the remainder of the sentence.

On 18 July 2013, a panel of this court set aside Petitioner's conviction for indecent acts in violation of Article 134, UCMJ, reassessed the sentence to the same sentence approved by the convening authority, and affirmed the remaining findings of guilty and the reassessed sentence. *United States v. Verdejo-Ruiz*, No. ACM 37957, 2013 CCA LEXIS 680, at *26–27 (A.F. Ct. Crim. App. 18 Jul. 2013) (unpub. op.). On 23 August 2013, Petitioner moved this court to vacate its 18 July 2013 decision on the grounds that the panel was improperly constituted, contending that a member of the panel, Mr. Soybel, had been improperly appointed to this court.

---

[1] Petitioner's name appears hyphenated in past decisions of this court and our superior court; however, Petitioner's name is not hyphenated in the petition under review. We cite past decisions by the form under which they were issued.

[2] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2002 ed.) (2002 *MCM*).

Before this court ruled on the motion to vacate, on 6 September 2013, Petitioner petitioned the United States Court of Appeals for the Armed Forces (CAAF) for review of this court's 18 July 2013 opinion. On 28 October 2013, while Petitioner's CAAF petition was pending, the Government moved CAAF to "treat [the] motion before the Air Force Court of Criminal Appeals (AFCCA) as a motion to reconsider." On 12 November 2013, the CAAF granted the Government's motion and dismissed Petitioner's CAAF petition without prejudice. *United States v. Verdejo-Ruiz*, 73 M.J. 45 (C.A.A.F. 2013) (mem.).

On 15 April 2014, the CAAF decided *United States v. Janssen*, which held that Mr. Soybel had been improperly appointed to this court. 73 M.J. 221, 225 (C.A.A.F. 2014).

In light of *Janssen*, on 29 April 2014, this court reconsidered its 18 July 2013 decision in Petitioner's case. On 14 August 2014, a different panel of this court issued an opinion reviewing the same issues raised in Petitioner's original assignments of error as well as three additional issues Petitioner raised. *United States v. Verdejo-Ruiz*, No. ACM 37957 (recon), 2014 CCA LEXIS 607 (A.F. Ct. Crim. App. 14 Aug. 2014) (unpub. op.). The court reached a similar conclusion as before, setting aside Petitioner's Article 134, UCMJ, conviction, reassessing the sentence to the same sentence approved by the convening authority, and affirming the remaining findings of guilty and reassessed sentence. *Id.* at *36. The CAAF denied review on 26 March 2015. *United States v. Verdejo-Ruiz*, 74 M.J. 328 (C.A.A.F. 2015).

On 15 December 2025, Petitioner petitioned this court pro se for a "writ of error coram nobis."[3] Petitioner requests this court, *inter alia*, vacate his convictions and sentence. Petitioner reasons that under *Janssen*, 74 M.J. at

---

[3] We note Petitioner asserts his sentence to confinement was "scheduled to end on January 4, 2026." He has not provided substantiation of his current or future confinement status with his petition. Petitioner has provided a copy of his discharge certificate dated 24 April 2015. For purposes of deciding this coram nobis petition, we will assume Petitioner has been released from confinement at the time this court issues its decision. *Cf. Chapman v. United States*, 75 M.J. 598, 601 (A.F. Ct. Crim. App. 2016) (quoting *Nkosi v. Lowe*, 38 M.J. 552, 553 (A.F.C.M.R. 1993)) ("The label placed on a petition for extraordinary relief is of little significance."). Under applicable precedent, if we alternatively evaluated the petition as one for a writ of habeas corpus, Petitioner would not be entitled to habeas relief, whether he remained in confinement or not. *See United States v. Adams*, __ M.J. __, No. 25-0217, 2025 CAAF LEXIS 939, at *5 (C.A.A.F. 12 Nov. 2025) (holding a Court of Criminal Appeals lacks "jurisdiction to entertain a petition for a writ of habeas corpus in a noncapital case after a court-martial is final and a punitive discharge or a dismissal has been executed"); *Chapman*, 75 M.J. at 600 ("[M]ilitary courts do not have jurisdiction over habeas corpus petitions when a court-martial has completed direct review under Article 71, UCMJ, [10 U.S.C. § 871,] and is final under Article 76, UCMJ[, 10 U.S.C. § 876].").

225, this court's 2013 decision was invalid. He further contends the CAAF acted ultra vires in granting the Government's 28 October 2013 motion to treat Petitioner's unruled-on 23 August 2013 motion to vacate as a motion for reconsideration because, he asserts, the Government's motion was untimely. Petitioner points to Article 67(b), UCMJ, 10 U.S.C. § 867(b), which provides (and provided in 2013) that an accused has 60 days to petition the CAAF for review of a decision by a Court of Criminal Appeals (CCA). Petitioner asserts "the Government's October 28, 2013 motion was filed after the statutory deadline." Therefore, he concludes, the CAAF's grant of the motion was ultra vires, and this court's subsequent decision on 14 August 2014 is "also ultra vires and void."

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). A petitioner may file a petition for a writ of coram nobis at any time, *id.* at 601, but bears a heavy burden to demonstrate a clear and indisputable right to the relief requested. *United States v. Denedo*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)), *aff'd and remanded*, 556 U.S. 904 (2009). For purposes of this petition, we find it unnecessary to address the several requirements for coram nobis relief in detail because Petitioner's arguments suffer from two fundamental flaws from the outset. *See generally Chapman*, 75 M.J. at 601.

First, by its terms, the Article 67(b), UCMJ, provision Petitioner cites is a time limitation that applies to an accused seeking to petition the CAAF for review of a CCA decision. It does not apply to motions by the Government with respect to matters currently pending before the CAAF, such as an accused's timely-filed petition for review. Therefore, we do not agree the Government's motion was untimely.

Second, under principles of vertical *stare decisis*, we "must strictly follow the decisions handed down by higher courts," including the CAAF. *United States v. Andrews*, 77 M.J. 393, 399 (C.A.A.F. 2018) (citation omitted). Therefore, this court was bound and remains bound by the CAAF's grant of the Government's motion, which set the stage for this court's reconsideration of its 18 July 2013 decision and subsequent opinion in August 2014. We are not at liberty to overrule the CAAF's decision even if we were so inclined, which we are not.

Accordingly, it is by the court on this 14th day of January, 2026,

**ORDERED:**

Petitioner's petition for extraordinary relief received by this court on 15 December 2025 is hereby **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court