# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Jared R. BURDIN | ) | Misc. Dkt. No. 2023-02 |
| Major (O-4) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | Panel 1 |

On 3 June 2011, a general court-martial composed of officer members found Petitioner guilty, contrary to his pleas, of one specification of rape of his then-spouse DB in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] The court-martial sentenced Petitioner to a dismissal, confinement for eight months, and forfeiture of all pay and allowances. The convening authority approved the dismissal, but reduced the term of confinement to 130 days and reduced the adjudged forfeitures to $4,421.00 pay per month for four months.

On appeal before this court, Petitioner raised two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether the evidence was legally and factually insufficient to support his conviction; and (2) whether he received ineffective assistance from his trial defense counsel. *United States v. Burdin*, No. ACM 38033, 2013 CCA LEXIS 460, at *2–3 (A.F. Ct. Crim. App. 23 May 2013) (per curiam) (unpub. op.). This court affirmed the approved findings and sentence. *Id.* at *8. The United States Court of Appeals for the Armed Forces denied review. *United States v. Burdin*, 73 M.J. 59 (C.A.A.F. 2013).

On 21 April 2023, Petitioner filed *pro se* with this court the instant extraordinary writ petition in the nature of a petition for a writ of coram nobis. Petitioner asserts 11 errors related to his court-martial and asks this court to "overturn" his "wrongful conviction." Specifically, Petitioner asserts: (1) the complainant has "freely and fully recant[ed] her accusation against [Petitioner]" in an attached affidavit; (2) his constitutional rights were violated by the failure to prepare a verbatim transcript of the pretrial hearing conducted pursuant to Article 32, UCMJ, 10 U.S.C. § 832; (3) an exculpatory statement Petitioner made during his recorded interview by civilian police investigators has been

---

[1] Unless otherwise indicated, references to the UCMJ are to the *Manual for Courts-Martial, United States* (2008 ed.).

overlooked; (4) trial defense counsel were ineffective by failing to "fully impeach" the complainant regarding unrelated prior allegations of sexual assault she had made; (5) trial defense counsel were ineffective by failing to challenge the Government's provision of an inadequate substitute defense expert consultant in forensic toxicology; (6) trial defense counsel failed to review Petitioner's mental health records and made false statements on that subject in his declaration to this court prior to this court's original decision; (7) trial defense counsel's prior declaration to this court contained a false statement regarding review of a "court-ordered psychological evaluation;" (8) trial defense counsel were ineffective in that the Defense's expert in forensic psychology was unqualified to assist Petitioner in this case; (9) trial defense counsel were ineffective by failing to adequately explore Petitioner's "prior sleep issues;" (10) trial defense counsel were ineffective by failing to move to suppress Petitioner's incriminating statements made during a pretext telephone call with the complainant and his interview with civilian police investigators; and (11) trial defense counsel were ineffective by failing to adequately investigate the medications Petitioner was taking at the time of the offense and at the time of the pretext telephone call and police interview.[2,3] We find Petitioner has failed to demonstrate he is entitled to relief, and we deny the petition.

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). This court has jurisdiction over petitions for a writ of coram nobis alleging an earlier conviction previously reviewed by this court was flawed in some fundamental respect. *Id.* at 601 (citing *United States v. Denedo*, 556 U.S. 904, 917 (2009)). A petitioner for a writ of coram nobis has the burden to show a clear and indisputable right to the extraordinary relief requested. *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)), *aff'd and remanded*, 556 U.S. 904 (2009). The writ of coram nobis "should not be granted in the ordinary case; rather, it should be granted only in extraordinary cases under circumstances compelling such action to achieve justice." *Chapman*, 75 M.J. at 601 (citing *Denedo*, 556 U.S. at 917) (additional citations omitted). "Although a petitioner may file a writ of coram nobis at any time, to be entitled to the writ he must meet the following threshold requirements:"

---

[2] We have rephrased and slightly reordered the errors Petitioner asserts.

[3] Although not presented in a separate motion, in the body of the petition Petitioner requests oral argument. We find oral argument unnecessary to decide the petition.

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Id.* (quoting *Denedo*, 66 M.J. at 126).

> This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. If the petitioner meets the threshold requirements, his claims are then evaluated under the standards applicable to his issues.

*Id.*

The petition and its numerous attachments fail to demonstrate Petitioner has a clear and indisputable right to the requested relief.

With respect to issue (2), the decision not to prepare a verbatim transcript of the Article 32, UCMJ, hearing is not an alleged error of the most fundamental character, and was a matter known to Petitioner before trial which was previously raised in Appellant's clemency submission to the convening authority.

With respect to issue (3), far from being "forgotten," Petitioner's exculpatory comment during his police interview was previously considered evidence admitted at trial and highlighted both at the court-martial and in Petitioner's original assignments of error to this court.

With regard to Petitioner's multiple allegations of deficient performance by his trial defense counsel in issues (4) through (11), having reviewed Petitioner's filings with this court pursuant to his original appeal, we note Petitioner previously raised numerous allegations of ineffective assistance to this court. *See Burdin*, unpub. op. at *3 (noting Petitioner's "scattershot attack" on trial defense counsel "alleg[ing] multiple failings"). Several of his allegations in the instant petition are substantially similar to allegations he made in his original appeal; for those that are materially distinct, Petitioner fails to provide persuasive reasons why he could not have raised these matters earlier through the exercise of reasonable diligence. Moreover, we find several of the alleged errors are not of the most fundamental character with respect to the validity of his conviction.

3

Certain aspects of Petitioner's ineffective assistance claims bear further comment. Petitioner's allegations regarding the inadequacy of the Defense's expert consultants in forensic psychology and forensic toxicology rely in part on the written statements of Dr. DB, a clinical pharmacologist and toxicologist, and Dr. HB, a psychiatrist. Dr. DB was the expert consultant in forensic toxicology who trial defense counsel originally sought to have appointed as an expert consultant, in place of whom the convening authority provided a substitute forensic toxicologist. In his original appeal to this court, Petitioner submitted a declaration by Dr. DB dated 23 April 2013. Petitioner has attached to the instant petition a nearly identical declaration by Dr. DB, also dated 23 April 2013. Accordingly, Dr. DB's declaration constitutes matter previously raised and considered during his original appeal.[4]

In contrast, Dr. HB's statements dated 23 June 2017 and 17 October 2017 were not previously provided to this court. However, we note Dr. HB's statements take the form of signed reports rather than sworn affidavits or declarations made under penalty of perjury pursuant to 28 U.S.C. § 1746. *See* JT. CT. CRIM. APP. R. 23(b) ("If a party desires to attach a statement of a person to the record for consideration by the Court on any matter, such statement shall be made either as an affidavit or as an unsworn declaration under penalty of perjury . . . ."). Moreover, assuming *arguendo* we may appropriately consider the substance of Dr. HB's statements, we note his reports do not conclude that the effects of Petitioner's medications would have provided him with a defense of lack of mental responsibility or any other defense, nor do they raise any question of Petitioner's capacity to stand trial; accordingly, we do not find they support the existence of an error of the most fundamental character with respect to the findings of guilty.

Further assuming *arguendo* that we could consider the entirety of Dr. HB's and Dr. DB's statements for purposes of the instant petition, we are not persuaded they enable Petitioner to clearly and indisputably meet the threshold to demonstrate trial defense counsel were ineffective in relying on the advice of other, apparently qualified, expert consultants. *See generally United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011) (articulating the test for ineffective assistance of counsel).

Finally, we turn to the remaining issue Petitioner asserts: the complainant's purported recantation of her accusation. Petitioner has attached to the petition multiple documents signed by the complainant, DB, indicating she wants Petitioner's conviction to be overturned. We address three of these documents here. The first document is a declaration signed by DB under penalty

---

[4] Moreover, with due regard to Dr. DB's qualifications, we find the conclusions he offers in the declaration unpersuasive.

of perjury dated 10 December 2012 and addressed to this court before its opinion on Petitioner's original appeal. Therein, DB generally supported arguments Petitioner made to this court in his original appeal, including *inter alia* expressing concerns about the voluntariness of Petitioner's actions at the time of the offense, the voluntariness of his subsequent incriminating statements, and the adequacy of trial defense counsel's performance; however, significantly, DB did not disavow her trial testimony. Petitioner also provided a second document which is a memorandum from DB dated 9 December 2013 and addressed to the Secretary of the Air Force, wherein DB stated she was "recanting and withdrawing [her] statement" against Petitioner and "request[ing] his sentence be commuted, remitted, or suspended." However, as with her declaration, DB did not claim any of her trial testimony was false; instead, she again expressed concern regarding the effects of Petitioner's sleep disorder and medications, the voluntariness of his admissions, and the performance of trial defense counsel, among other allegations. In addition, Petitioner provided a third document, another memorandum signed by DB addressed to the Secretary of the Air Force and dated 2 March 2014 with a notary signature dated 10 March 2014, which in its entirety reads as follows:

> I, [DB], of legal age and of my own free will, recant and withdraw my rape allegation against [Petitioner], resulting in his Article 120 conviction June 3, 2011 and know he is innocent of it. Please overturn the conviction, reinstate him[,] and restore his clearances. Thank you for your assistance in this matter Madam Secretary.

As before, in her 2014 memorandum DB does not assert that any of her trial testimony was false.

We are not persuaded DB's purported "recantations" demonstrate Petitioner is entitled to coram nobis relief. We note our superior court has explained "[p]etitions for new trial based on a witness's recantation are not viewed favorably in the law" and "should not be granted unless the court is reasonably well satisfied that the testimony given by a material witness is false." *United States v. Rios*, 48 M.J. 261, 268 (C.A.A.F. 1998) (citations and internal quotation marks omitted). Similar caution is warranted with regard to petitions for coram nobis relief. In this case, as noted, none of DB's various post-trial statements in support of Petitioner disavow the truth of her trial testimony, which formed the essential evidence supporting his conviction. Accordingly, we conclude her statements do not establish an error of the most fundamental character. Moreover, the information is not new, because, as described above, DB signed a declaration on 10 December 2012 to this court in support of Petitioner while a decision on his original appeal was pending.

Accordingly, having reviewed the petition and its several attachments, it is by the court on this 20th day of June, 2023,

**ORDERED:**

The petition for extraordinary relief in the nature of a petition for a writ of coram nobis received by this court on 21 April 2023 is hereby **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court