# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Chantay P. WHITE | ) | Misc. Dkt. No. 2026-04 |
| Major (O-4) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | Special Panel |

On 4 March 2026, Petitioner filed *pro se* a Petition for Writ of Error Coram Nobis. This court docketed the petition on 6 March 2026.

Petitioner seeks relief from her 2008 general court-martial convictions. A panel of officer members found Petitioner guilty, contrary to her pleas, of two specifications of making a false official statement in violation of Article 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 907. *See Manual for Courts-Martial, United States* (2005 ed.) (2005 *MCM*), pt. IV, ¶ 31. The court-martial adjudged a sentence consisting of a dismissal, which the convening authority approved.

On appeal, Petitioner asserted that the military judge erred by excluding certain evidence as not relevant, that the proof of her guilt was legally and factually insufficient, and that her sentence to a dismissal was inappropriately severe. A panel of this court found no error and affirmed the findings and sentence. *United States v. White*, No. ACM 37282, 2009 CCA LEXIS 421, at *11 (A.F. Ct. Crim. App. 21 Oct. 2009) (unpub. op.), *aff'd*, 69 M.J. 236 (C.A.A.F. 2010). The United States Court of Appeals for the Armed Forces (CAAF) granted review as to the military judge's exclusion of evidence, found no abuse of discretion, and affirmed this court's opinion. *United States v. White*, 69 M.J. 236, 240 (C.A.A.F. 2010).

Among other documents, as an attachment to the petition, Petitioner submitted a signed Addendum to Record of Proceedings (Addendum) from the Air Force Board for Correction of Military Records (BCMR) dated 18 March 2020. According to the Addendum, beginning in 2012, Petitioner repeatedly sought relief from the BCMR. In October 2012, a majority of the BCMR voted to recommend changing Petitioner's dismissal to an honorable discharge because, *inter alia*, "[t]he Board majority did not believe [Petitioner] intended to deceive the Air Force" when she made the charged false official statements.

However, the BCMR's recommendation was overturned at the Department of the Air Force level because "the Board may only correct the record on a sentence of a court-martial for the purposes of clemency," and the Board's October 2012 decision did not address, and the record did not establish, why clemency was appropriate. Petitioner's requests for reconsideration in 2013 and 2014 were denied.

However, in March 2020, the BCMR recommended Petitioner's record be corrected to characterize her discharge as honorable, as a matter of clemency. This time, the Director of the Air Force Review Boards Agency directed the correction be made, and in April 2020, Petitioner was issued a new DD Form 214, *Certificate of Release or Discharge from Active Duty*, reflecting an honorable service characterization.

On 4 March 2026, Petitioner petitioned this court pro se for a writ of error coram nobis. Citing the BCMR's written decision, Petitioner contends "the Air Force has now formally determined that Petitioner's statement was unintentional, eliminating the mens rea required for conviction." Petitioner requests this court vacate the findings and sentence of the court-martial and provide other related relief.

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). A petitioner may file a petition for a writ of coram nobis at any time, *id.* at 601, but bears a heavy burden to demonstrate a clear and indisputable right to the relief requested. *United States v. Denedo*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)), *aff'd and remanded*, 556 U.S. 904 (2009).

"Appellate military courts have jurisdiction over 'coram nobis petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect.'" *Chapman*, 75 M.J. at 601 (quoting *United States v. Denedo*, 556 U.S. 904, 917 (2009)). A petitioner for a writ of coram nobis has the burden to show a clear and indisputable right to the extraordinary relief requested. *Denedo*, 66 M.J. at 126 (citing *Cheney*, 542 U.S. at 381). The writ of coram nobis "should be granted only in extraordinary cases under circumstances compelling such action to achieve justice." *Chapman*, 75 M.J. at 601 (citing *Denedo*, 556 U.S. at 917) (additional citations omitted).

A petitioner may file a petition for a writ of coram nobis at any time, but to be entitled to the writ she must demonstrate the following:

> (1) the alleged error is of the most fundamental character; (2) no
> remedy other than coram nobis is available to rectify the

consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Id.* (quoting *Denedo*, 66 M.J. at 126).

The elements of the offense of false official statement in violation of Article 107, UCMJ, include:

(1) That the accused signed a certain official document or made a certain official statement; (2) That the document or statement was false in certain particulars; (3) That the accused knew it to be false at the time of signing it or making it; and (4) That the false document or statement was made with the intent to deceive.

2005 *MCM*, pt. IV, ¶ 31.b.

The Courts of Criminal Appeals must exercise their authority to disapprove findings "in the context of legal -- not equitable -- standards, subject to appellate review." *United States v. Nerad*, 69 M.J. 138, 140 (C.A.A.F. 2010) (citing *United States v. Quiroz*, 55 M.J. 334, 339 (C.A.A.F. 2001)).

We find Petitioner has not demonstrated a clear and indisputable right to relief under the coram nobis standard. Specifically, we find Petitioner has not demonstrated an alleged error of the most fundamental character, and that the petition seeks to reevaluate previously considered evidence and legal issues. The core of Petitioner's argument is that "the Air Force," in the form of the BCMR, has determined she lacked the intent to deceive when she made the false statements in question, and therefore determined she is not guilty of the offenses. However, we find several flaws with this argument.

First, the BCMR's 2020 decision to recommend Petitioner's discharge be modified to honorable was not based on a finding that she was not guilty of the offenses, but that clemency was warranted. The BCMR explained its determination, in part, as follows:

[I]n accordance with [10 U.S.C.] § 1552(f), the Board's actions are limited to corrections of the record to reflect actions taken by the reviewing officials and action on the sentence of the court-martial for the purpose of clemency. Additionally, the Board has a Congressional mandate which permits consideration of other factors, such as the applicant's background, the overall quality

> of service, and post-service activities and accomplishments. The
> Board notes that prior to her dismissal, the applicant served
> honorably in the military for almost 16 years and provides
> character statements, numerous letters of appreciation and
> awards attesting to her honorable character and notable
> achievements since her discharge. Under this broader mandate
> and after careful consideration of all the facts and circumstances
> of the applicant's case, the Board believes it is clear the applicant
> has successfully transitioned to civilian life and the dismissal no
> longer serves a useful purpose.

The BCMR's 2020 decision does not purport to determine Petitioner was not guilty of the charged offenses. Petitioner appears to rely on the original BCMR decision in 2012, but that recommendation was rejected at the Department of the Air Force level based on a determination that the Board applied an incorrect standard for relief. Therefore, we are not persuaded that the BCMR, or another authority representing the "Air Force," has exonerated Petitioner.

In addition, the BCMR's function and criteria in reviewing Petitioner's case is fundamentally different from this court's. As described in the Addendum, the BCMR's decision with regard to clemency is largely equitable and does not purport to review the soundness of the conviction itself. In addition, the BCMR is not bound by the same rules of evidence as a court-martial, and may consider matters that the military judge properly excluded from the trial as not relevant to the determination of guilt. In contrast, we are a court of law; we review the findings and sentences of courts-martial for legal errors. *See Nerad*, 69 M.J. at 140. Petitioner challenged her convictions on appeal, but neither this court nor the CAAF found a legal error. Any purported factual determination by the BCMR based on a different record, without the adversarial trial process, and evaluated under a fundamentally different standard of review, would not in itself be relevant to Petitioner's entitlement to extraordinary relief from this court.

Returning to the specific criteria for coram nobis relief, we find Petitioner has not clearly and indisputably demonstrated an error of the most fundamental character occurred at her court-martial. At best, Petitioner has demonstrated that in 2012, a majority of the BCMR—based on Petitioner's application for clemency—expressed doubt that Petitioner intended to deceive when she made the charged false statements, and therefore recommended her dismissal be upgraded to an honorable discharge. However, even that determination was rejected within the Department of the Air Force. In addition, the writ does seek reevaluation of previously addressed legal issues, specifically the sufficiency of the evidence supporting her convictions. Petitioner argues her convictions are "legally and factually invalid" because

"the [G]overnment now acknowledges that an essential element of the offense was not met." As described above, this court previously found the convictions legally and factually sufficient. *White*, unpub. op. at *7–10.

As a final note, nothing in our determination that Petitioner has not met the standard for coram nobis relief should be understood to impugn the propriety of the clemency Petitioner has received, or any favorable action she may receive in the future.

Accordingly, it is by the court on this 27th day of April, 2026,

**ORDERED:**

Petitioner's petition for extraordinary relief received by this court on 4 March 2026 is hereby **DENIED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court